David D. Lin, Esq.
**LEWIS & LIN, LLC**
45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
david@ilawco.com

**DONIGER / BURROUGHS**
Scott Alan Burroughs, Esq. (*pro hac vice* forthcoming)
231 Norman Avenue, Suite 413
Brooklyn, New York 111222
(310) 590-1820
scott@donigerlawfirm.com

Attorneys for Plaintiff
DAY TO DAY IMPORTS, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAY TO DAY IMPORTS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>FH GROUP INTERNATIONAL, INC., a New Jersey Corporation; and DOES 1 – 10,<br><br>Defendants. | Case No.: 2:18-cv-14105<br><br>**COMPLAINT FOR:**<br><br>**COPYRIGHT INFRINGEMENT [17 U.S.C. §501(a)]**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff Day To Day Imports, Inc. ("Day To Day"), through its undersigned counsel, alleges as follows:

## NATURE OF THE COMPLAINT

1. This action arises out of the unlawful use by Defendant FH Group International, Inc. ("Defendant" or "FH") of Day To Day's copyrighted seat cover designs.

2. Day To Day seeks to recover damages arising from the infringement of its copyrights and associated intellectual property rights by Defendants. Day To Day also seeks permanent injunctive relief barring Defendant from future infringement, and the financial benefit to Defendants therefrom.

## JURISDICTION AND VENUE

3. This Court has Federal Question and Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) and (b) because the case arises out claims for copyright infringement under 17 U.S.C. § 501(a).

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district, and because Defendant is subject to the Court's personal jurisdiction with respect to this action. 28 U.S.C. § 1391(c)(2).

## THE PARTIES

5. Plaintiff Day To Day Imports, Inc. is a California corporation in good standing with the California Secretary of State. Its principal place of business is located in Los Angeles County.

6. Defendant FH is a corporation incorporated under the laws of the State of New Jersey with its principal place of business located at 265 Secaucus Rd., Secaucus, New Jersey 07094 and is doing business in and with the state of California.

7. On information and belief, there are other individuals who make, obtain, distribute, supply and sell products in violation of law, and violate Plaintiff's rights as alleged herein, but Plaintiff is ignorant of their true identity or complete role in the alleged conduct and therefore sues them by the fictitious names Does 1 through 10.  Plaintiff is informed and believes that each of the defendants designated as a Doe is liable in some manner for the acts and omissions, damages and injuries of which Plaintiff alleges in this Complaint. Plaintiff will seek to amend this Complaint to state the true identities of Does 1 through 10 when ascertained. FH, and the Doe Defendants are referred to collectively as "Defendants."

8. On information and belief each of the Defendants were at all relevant times acting to the fullest extent recognized by law as the agent, employee or coconspirator of each of the other Defendants, and that in committing the acts and omissions alleged herein and causing the damage and injuries alleged, were acting within the scope of such agency, employment or conspiracy. Defendants have committed acts in furtherance of the conspiracy, have given aid and encouragement to their co-conspirators and have ratified and adopted the acts of their co-conspirators.

9. On information and belief there exists, and at all times mentioned there existed, a unity of interests and ownership between individual Defendants and business entity Defendants such that any individuality and separateness between the individual and businesses never existed or has ceased to exist, and

each Defendant is in each instance the alter ego of the other Defendants who control all such entities. To adhere to the fiction of the Defendant entities as having existence as separate and distinct from the individual Defendants or from those with them and who owned and controlled them would permit an abuse of the corporate and other entity privileges, would sanction fraud, and would promote injustice.

## STATEMENT OF FACTS

10. Prior to the conduct complained of herein, Plaintiff created the two original works of two-dimensional visual art ("Subject Designs"). This artwork was at all relevant times owned exclusively by Plaintiff.

11. Plaintiff is the owner of a United States Copyright Registration for the Subject Designs. The Subject Designs were allocated U.S. Copyright Office numbers, including without limitation, the following: VA 1-925-832 and VA 1-900-842.

12. Prior to the acts complained of herein, Plaintiff manufactured, marketed, and sold seat covers incorporating the Subject Designs to thousands of customers throughout the United States via multiple e-commerce websites.

13. Plaintiff invests, and has invested, substantial resources into the development, marketing, and sale of seat covers bearing the Subject Designs.

14. Plaintiff has never authorized Defendants, by license or otherwise, to copy, publish, distribute or sell any non-Plaintiff items containing the Subject Designs, or any derivative work based upon the Subject Designs.

15. Before the infringement complained of herein, FH obtained directly from Plaintiff products incorporating the Subject Designs.

16. On or about November 20, 2015, Plaintiff became aware that Defendant was marketing, selling, and distributing product, including without limitation, seat covers, incorporating the Subject Designs ("Infringing Product") on eBay.com.

17. The Subject Designs and the designs on the Infringing Product are virtually identical or at the very least substantially similar.

18. On or about December 2, 2015, Plaintiff sent a Notice Of Claimed Infringement ("NOCI") to eBay.com's VeRO program. On or about December 5, 2015, Defendant's listings with the Infringing Product were removed by eBay.com.

19. On December 10, 2015, Plaintiff received a Counter Notice Regarding the Removed Listings from eBay.com, said Counter Notice was sent to eBay.com by Defendants.

20. Defendant continues to sell the Infringing Product on eBay.com, Amazon.com, its own website www.fhgroupauto.com, and other sites.

21. True and correct images of the Subject Designs and corresponding Infringing Product are set forth below and reflect clear copying:





| Subject Design Exemplar: | Infringing Product Exemplar: |
|---|---|
|  |  |

22. The above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are substantially similar.

23. After discovering the infringement of the Subject Designs on Amazon.com, Day To Day sent a report of the infringement to Amazon.com. Pursuant to Day To Day's take down notice, Amazon.com took action on January 9, 2016, and the Infringing Product was removed from Amazon.com's catalogue.

24. Day To Day is informed and believes, and based thereon alleges, that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights and/or blatant disregard for Plaintiff's rights, such that the acts of copyright infringement alleged herein were, and continue to be, willful, intentional, and malicious, thereby subjecting Defendants to liability for Day To Day's damages, or in the alternative for

statutory damages under 17 U.S.C §504(c)(2) in the sum of up to one hundred and fifty thousand dollars ($150,000) per infringement.

## FIRST CLAIM FOR RELIEF
## FOR FEDERAL COPYRIGHT INFRINGEMENT
## UNDER 17 U.S.C. § 501
## (BY DAY TO DAY AGAINST ALL DEFENDANTS)

25. Plaintiff incorporates and realleges Paragraphs 1 through 25 of this Complaint.

26. Defendants had access to the Subject Designs, including, without limitation, through Plaintiff's listings on eBay.com, Amazon.com, and through Plaintiff's sale of seat covers to the general public incorporating the Subject Designs.

27. Plaintiff is informed and believes, and thereon alleges, that Defendants manufactured and sold, and continue to manufacture and sell unauthorized seat covers that are identical, substantially similar, and/or illegal derivatives of the Subject Designs.

28. Plaintiff is informed and believes and thereon alleges, that Defendant infringed Day To Day's copyrights by creating, making, and selling directly infringing and/or derivative works from the Subject Designs and by producing, distributing, and/or selling seat covers which infringe the Subject Designs through their own online website and other e-commerce sites.

29. Due to Defendant's acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

30. Due to Defendant's acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

31. Due to Defendant's acts of copyright infringement alleged herein, Defendants have obtained direct and indirect profits they would not otherwise have obtained but for their infringement of the Subject Designs. Therefore, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Designs in an amount to be established at trial.

32. All of the foregoing acts of Defendant were and are without the authority of Plaintiff, the sole copyright owner of the Subject Designs. At no time has Plaintiff ever consented expressly or impliedly to the use of the Subject Design by Defendant.

33. At least as early as January 2017 Defendant's acts of infringement have been willful, intentional, and purposeful, in disregard of and with full knowledge of the rights of Day To Day in the Subject Designs.

34. As a further direct and proximate result of Defendant's acts of copyright infringement, Plaintiff has suffered general and special damages in an amount to be established at trial, but no less than Three Hundred Thousand Dollars ($300,000.00). Alternatively, Plaintiff may seek statutory damages for willful copyright infringement as provided by law. Furthermore, Plaintiff is entitled to its costs, including reasonable attorney's fees, pursuant to 17 U.S.C. §505, according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For Defendants, and its officers, directors, agents, servants, attorneys, employees, and all other persons acting in concert with them be permanently enjoined from committing any further acts of infringement, including, but not

limited to, copying, manufacturing, importing, advertising, selling, and distributing products bearing Plaintiff's copyrighted works, or aiding, abetting, or assisting others in such infringing activities;

2. For judgment against Defendant for Plaintiff's actual damages and Defendants', and each of their, disgorgeable profits in an amount to be proven at trial, or in the alternative for statutory damages based upon Defendant's acts of willful copyright infringement pursuant to 17 U.S.C. §504(c), at Plaintiff's discretion, and for prejudgment and post judgment interest until the award is fully paid;

3. For judgment that Defendants willfully and deliberately infringed Plaintiff's intellectual property rights, such that Plaintiff is entitled to enhanced statutory damages pursuant to 17 U.S.C. §504(c), if elected, and that this is an exceptional case entitling Plaintiff to enhanced damages under the Copyright Laws of the United States;

4. For an award of costs incurred in bringing this action;

5. For an award of attorney's fees; and

6. For such other and further relief as this Court may deem just and equitable under these circumstances.

                                                              Respectfully submitted,

Dated:  September 20, 2018          By:   <u>s/ David D. Lin, Esq.</u>
                                                                David D. Lin, Esq.
                                                                **LEWIS & LIN, LLC**
                                                                45 Main Street, Suite 608
                                                                Brooklyn, NY 11201
                                                                Tel: (718) 243-9323
                                                                Fax: (718) 243-9326
                                                                david@ilawco.com

                                                                Scot Alan Burroughs, Esq.
                                                                (*pro hac vice* forthcoming)
                                                                DONIGER / BURROUGHS
                                                                231 Norman Avenue, Suite 413
                                                                Brooklyn, New York 11222
                                                                (310) 590-1820
                                                                scott@donigerlawfirm.com
                                                                Attorneys for Plaintiff

## JURY TRIAL DEMAND

Plaintiff Day To Day Imports, Inc. hereby demands trial <u>by jury</u> as provided by the Seventh Amendment and Rule 38(a) of the Federal Rules of Civil Procedure.

                                                        Respectfully submitted,

Dated:  September 20, 2018          By:    <u>s/ David D. Lin, Esq.</u>
                                                        David D. Lin, Esq.
                                                          **LEWIS & LIN, LLC**
                                                          45 Main Street, Suite 608
                                                          Brooklyn, NY 11201
                                                          Tel: (718) 243-9323
                                                          Fax: (718) 243-9326
                                                          david@ilawco.com