Rolando Diaz, Esq.
N.J. Bar No. 041742008
DUNLAP, BENNETT & LUDWIG, PLLC
1000 N. West St. #1203
Wilmington, DE 19801
Tel.: (302) 261-8660
Fax: (855) 226-8791
E-mail: rdiaz@dbllawyers.com

David Ludwig, Esq. (*pro hac vice* forthcoming)
DUNLAP, BENNETT & LUDWIG, PLLC
211 Church Street, SE
Leesburg, Virginia 20175
Tel: (703) 777-7319
Fax: (703) 777-3656
E-mail: dludwig@dbllawyers.com

Geoffrey M. Dureska, Esq. (*pro hac vice* forthcoming)
DUNLAP, BENNETT & LUDWIG, PLLC
1870 The Exchange, SE, STE 200
Atlanta, Georgia 30339
Tel: (404) 692-5953
Fax: (404) 596-5283
E-mail: gdureska@dbllawyers.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAY TO DAY IMPORTS, INC., a California corporation,** | **CIVIL ACTION NO.: 2:18-cv-14105-JMV-MF** |
| **Plaintiff,** | **BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| **v.** | **Return Date: November 19, 2018** |
| **FH GROUP INTERNATIONAL, INC., et. al,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | *Filed Electronically* |

# **TABLE OF CONTENTS**

I.   FACTS.................................................................................................................1

II.  LAW AND ARGUMENT ..................................................................................6

   A.   THE PLAINTIFF'S SUIT SHOULD BE DISMISSED PURSUANT TO
   FED. R. CIV. P. 12(B)(1) BECAUSE IT LACKS STANDING TO BRING
   THESE CLAIMS AND, CONSEQUENTLY, THIS COURT LACKS SUBJECT
   MATTER JURISDICTION TO ADJUDICATE THIS DISPUTE .........................6

   B.   THE PLAINTIFF'S CLAIM OF COPYRIGHT INFRINGEMENT FAILS
   PURSUANT TO FED. R. CIV. P. 12(B)(6) BECAUSE THE PLAINTIFF DOES
   NOT OWN THE SUBJECT DESIGNS .................................................................9

   C.   THE "SUBJECT DESIGN" CLAIMED ON PAGE 7 OF THE
   COMPLAINT IS NOT SUBJECT TO A COPYRIGHT REGISTRATION AND
   ANY CLAIMS THEREUPON SHOULD BE DISMISSED ...............................11

   D.   IF THE PLAINTIFF WAS THE AUTHOR AND OWNER AT ALL
   RELEVANT TIMES OF THE '832 AND '842 COPYRIGHTS, THEN THE
   COPYRIGHT REGISTRATIONS ARE INVALID .............................................12

   E.   THE PLAINTIFF'S COMPLAINT FAILS BECAUSE THE ALLEGED
   COPYRIGHTED ARTICLES ARE USEFUL .....................................................13

   F.   THERE IS NO COPYRIGHT INFRINGEMENT BECAUSE THE
   DESIGNS ARE NOT "SUBSTANTIALLY SIMILAR" .....................................17

      1.   THERE IS NO SUBSTANTIAL SIMILARITY BETWEEN THE
      ALLEGEDLY INFRINGING PRODUCT AND THE '832 COPYRIGHT.....18

      2.   THERE IS NO SUBSTANTIAL SIMILARITY BETWEEN THE
      ALLEGEDLY INFRINGING PRODUCT AND THE '842 COPYRIGHT.....24

III.   CONCLUSION .............................................................................................26

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .....12

*Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir.2007) .........................................13

*BMG Music v. Champagne*, No. CIV. 06-1251 (RBK), 2006 WL 3833473, at *2
(D.N.J. Dec. 29, 2006)................................................................................14

*Browne v. Zaslow*, 103 F. Supp. 3d 666, 671 (E.D. Pa. 2015)..................................14

*Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) ..................10

*Dam Things from Den. v. Russ Berrie & Co.*, 290 F.3d 548, 561–62 (3d Cir. 2002)
...............................................................................................................20

*Davis v. Wells Fargo*, 824 F.3d 333, 346–47 (3d Cir. 2016)........................ 9, 10, 11

*Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197,
206 (3d Cir.2002)......................................................................................13

*Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361, 111
S.Ct. 1282, 113 L.Ed.2d 358 (1991)..........................................................13

*Gateway 2000, Inc. v. Cyrix Corp.*, 942 F. Supp. 985, 994 (D.N.J. 1996) ..............14

*Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 739 F.3d 446 (9th Cir. 2014)............... 19, 20

*Jovani Fashion, Ltd. v. Fiesta Fashions*, 500 F. App'x 42, 45 (2d Cir. 2012) ........18

*Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005)........... 13, 14

*Keene Corp. v. United States*, 508 U.S. 200, 207-08, 113 S. Ct. 2035, 124 L. Ed. 2d
118 (1993)................................................................................................12

*Kunkel v. Jasin*, 420 F. App'x 198, 200 (3d Cir. 2011)...........................................15

*Lichterman v. IODA/The Orchard*, No. 15-7229 (RMB/KMW), 2016 WL 3466073,
at *1 (D.N.J. June 21, 2016)......................................................................14

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351
(1992).................................................................................................. 9, 12

*Marino v. Usher*, 673 F. App'x 125, 130 (3d Cir. 2016) .........................................15

*Norris Indus. v. Int'l Tel. & Tel. Corp.*, 696 F.2d 918 (11th Cir. 1983) ............ 18, 19

*Palakovic v. Wetzel*, 854 F.3d 209, 219–20 (3d Cir. 2017) .....................................12

*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d.
Cir. 1993) ................................................................................................13

*Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S. Ct. 1237 (2010) ................15

*Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n. 27 (3d Cir. 2010) ...............12

*Star Athletica, L.L.C.*, 137 S. Ct. 1002, 1010, 197 L.Ed.2d 354, 367 (2017) .. 16, 17

*Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006).................9

*Tanksley v. Daniels*, 902 F.3d, 165, 172 (3d Cir. 2018) .............................. 13, 20, 21

**Statutes**

17 U.S.C. § 101 .....................................................................................................16

17 U.S.C. § 411(a)............................................................................15
17 U.S.C. § 501(b)............................................................................14

**Rules**

FED. R. CIV. P. 12(b)(1) ....................................................................4
FED. R. CIV. P. 12(b)(6) .................................................................. 4, 20

**Regulations**

37 CFR § 202.3(a)(3) ........................................................................11

## BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

**COMES NOW** Defendant, FH GROUP INTERNATIONAL, INC. ("FH Group"), by and through its undersigned counsel, DUNLAP, BENNETT & LUDWIG, PLLC, and pursuant to FED. R. CIV. P. 12(b)(1) and (6), hereby files its Brief in Support of its Motion to Dismiss and respectfully states as follows:

### I.   FACTS

Plaintiff, Day to Day Imports, Inc. ("Day to Day" or "Plaintiff"), and Defendant, FH Group, are aftermarket auto parts manufacturers producing, among other things, automobile seat covers.  In its Complaint [Dkt. 1], Day to Day alleges, wrongly, that FH Group infringed [Dkt. 1, pp. 8-34] certain "Subject Designs" registered with the U.S. Copyright Office, namely VA 1-925-832 (the '832 Copyright) and VA 1-900-842 (the '842 Copyright) [Dkt. 1, ¶11] when it sold basic car seat covers over the internet on its own website (www.fhgroupauto.com), amazon.com, ebay.com, and other online websites [Dkt. 1, ¶ 20].  For this alleged infringement, Day to Day seeks approximately $300,000.00 in damages.  Dkt. 1, ¶ 34.  Supplying only that FH Group allegedly infringed upon the "Subject Designs" because the FH Group car seat covers are "substantially similar" when comparing the elements, composition, arrangement, layout, and appearance of the '832 and '842 Copyrights [Dkt. 1, pp. 5-7], the Plaintiff does not specify in its Complaint any specific protectable elements allegedly infringed.

1

Although Day to Day claims [Dkt. 1 ¶ 10] that those "Subject Designs" were created by the Plaintiff and "at all relevant times owned exclusively by Plaintiff[,]" the registrations for the '832 and '842 Copyrights plainly show [see Exhibit A] that both the Author and Copyright Claimant is Akiva Nourollah, not the Plaintiff, Day to Day.  To be sure, the Public Catalog as of October 17, 2018 [see Exhibit B] confirms that Akiva Nourollah, and not the Plaintiff, Day to Day, is the Author and Copyright Claimant for the '832 and '842 Copyrights.  FH Group further attaches the deposit copies for the '832 and '842 Copyrights from the Copyright office hereto as Exhibit C.

Moreover, the Plaintiff's ostensible allegation [compare Dkt. 1 p. 6 with Dkt. 1 p. 7 and Dkt. 1 ¶¶ 10-11] of what '832 Copyright looks like bears no resemblance to what the '832 Copyright deposit copy shows:

**Table 1**
**What the Plaintiff Alleges is the '832 Copyright and what the '832 Copyright actually Contains**

| What the Plaintiff Ostensibly Contends is the '832 Copyright | The '832 Copyright |
|---|---|
| | |



Notwithstanding the foregoing defects, it bears mentioning that this is Day to Day's third attempt to sue FH Group for the wrongfully alleged copyright infringement claims at issue. On June 27, 2016, Day to Day filed its first action for alleged copyright infringement in California in *Day to Day Imports, Inc. v. FH Group International, Inc., et al.*, United States District Court for the Central District of California Case No. 2:16-cv-04625 (hereinafter "*Day to Day I*"). See *Day to Day I*, at Dkts. 1 (Complaint) and 14 (First Amended Complaint). That case was dismissed by Order dated January 2, 2017. See *Day to Day I* at Dkt. 19.

On November 14, 2017, just ten (10) months after *Day to Day I* was dismissed,

Day to Day filed a *second* action for alleged copyright infringement, again in California, in *Day to Day Imports, Inc. v. FH Group International, Inc., et al.*, United States District Court for the Central District of California Case No. 2:17-cv-08291 (hereinafter "*Day to Day II*"). See *Day to Day II* at Dkt. 1. That case was again dismissed, this time by Order dated February 15, 2018. See *Day to Day II* at Dkt. 31.

Now, on September 20, 2018, just seven (7) months after its case was dismissed in *Day to Day II*, Day to Day has now filed its third case the instant action (hereinafter "*Day to Day III*"). Just as with *Day to Day I* and *II*, FH Group respectfully requests that this Court dismiss Day to Day's Complaint. In support of this dismissal, FH Group respectfully states that because Day to Day is not the Owner of the '832 and '842 Copyrights, that it lacks standing thereby depriving this Court of subject matter jurisdiction. In addition, and for the same reasons, the Plaintiff cannot establish the first element of its alleged copyright infringement claim, namely, ownership of a valid copyright. Furthermore, to the extent that Day to Day *was* the author and "exclusively owned" the '832 and '842 Copyrights "at all relevant times" [Dkt. 1, ¶ 10], the registrations by Akiva Nourollah are invalid because he did not own or author them.

Notwithstanding, even if the Court were to find that Day to Day *does* have standing and can establish that it owns the '832 and '842 Copyrights and that they

are not invalid for lack of ownership at the time of registration, the '832 and '842 Copyrights are still invalid insomuch as one cannot obtain a copyright on the design of a car seat cover, which is a useful article.  Even if they are not invalid as a copyright on a useful article, the FH Group respectfully submits that its car seat covers are not substantially similar to the '832 and '842 Copyrights.  Consequently, it is for this, and the reasons that follow that this Court should *dismiss* this action.

## II.   LAW AND ARGUMENT

### A. THE PLAINTIFF'S SUIT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(1) BECAUSE IT LACKS STANDING TO BRING THESE CLAIMS AND, CONSEQUENTLY, THIS COURT LACKS SUBJECT MATTER JURISDICTION TO ADJUDICATE THIS DISPUTE

"Standing is a jurisdictional matter." *Davis v. Wells Fargo*, 824 F.3d 333, 346–47 (3d Cir. 2016).  "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed."  *Id.* (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).  In order to have standing, the party invoking federal jurisdiction must satisfy three elements: injury-in-fact, causation, and redressability for that injury-in-fact.  See *id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

Of the three elements at issue here, FH Group submits that the Plaintiff has not suffered any injury in fact, namely, "a concrete and particularized invasion of a

legally protected interest[,]" *id.*, because it does not own the '832 and '842 Copyrights. Akiva Nourollah does. Akiva Nourollah is not a party to this lawsuit. Nor did the Plaintiff allege that Akiva Nourollah assign or otherwise transfer the '832 and '842 Copyrights to the Plaintiff. Consequently, Day to Day lacks standing, and this Court should *dismiss* this case.

While the Plaintiff may be quick to point to the fact that it alleged in the Complaint that it owned the '832 and '842 Copyrights and that this Court is limited to evaluating only the four corners of the Complaint, "a challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis* at 347. The latter, "a factual challenge, attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.' *Id.* (citing *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).

"In contrast to a facial challenge, a factual challenge allows 'a court [to] weigh and consider evidence outside the pleadings.'" *Id.* (citing *Aichele*). "When a factual challenge is made, 'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Id.* (citation omitted). There is no presumption of truthfulness that attaches to the Plaintiff's allegations for a factual challenge. *Id.* In fact, " Rule 12(b)(1) allows a defendant to attack the allegations

in the complaint and submit contrary evidence in its effort to show that the court lacks jurisdiction." *Id.* (citation omitted).

Here, FH Group asserts a factual challenge to the subject matter jurisdiction by way of Day to Day's lack of standing.  Day to Day is entitled no presumption of truthfulness that it has standing to maintain this action and the '832 and '842 Copyright registrations show that Day to Day does not have standing because it is not the Author and is not the Copyright Claimant[1] of those registrations.  Instead, those registrations show that Akiva Nourollah, not the Plaintiff, is the Owner and Copyright Claimant for the '832 and '842 Copyrights.  Yet, Akiva Nourollah is not a party to this lawsuit.  Day to Day also did not allege that Akiva Nourollah assigned or otherwise transferred the '832 and '842 Copyrights to the Plaintiff.  In fact, the '832 and '842 Copyright registrations directly contradict Plaintiff's assertion that it "created the * * * Subject Designs" and that they were "owned exclusively" by the Plaintiff "at all relevant times."  [Dkt. 1, ¶10]. Consequently, the Plaintiff cannot have been harmed by any alleged infringement and lacks injury in fact.  Thus, this Court lacks subject matter jurisdiction and should *grant* this Motion and *dismiss* the Plaintiff's Complaint in its entirety.

Nor can Day to Day correct this defect now because jurisdiction is based on facts

---

[1] To be sure, the "copyright claimant" is either the author of a work or the person or organization that has obtained ownership of all rights under the copyright initially belonging to the author.  37 CFR § 202.3(a)(3).

that exist at the time of filing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n.4, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)  and *Keene Corp. v. United States*, 508 U.S. 200, 207-08, 113 S. Ct. 2035, 124 L. Ed. 2d 118 (1993) (in affirming a motion to dismiss on jurisdictional grounds, looking at the facts as they existed at the time the complaint was filed, rather than the time of the trial court's ruling on the motion to dismiss as urged by plaintiff)). At the time of filing, the Copyright Office records undisputedly show that Akiva Nourollah owned the '832 and '842 Copyrights.  The Plaintiff did not plead that it was the beneficiary of the '832 and '842 Copyrights by way of assignment or other transfer.  Consequently, the Plaintiff cannot correct any jurisdictional defects, and this Court should *grant* this Motion.

## B. THE PLAINTIFF'S CLAIM OF COPYRIGHT INFRINGEMENT FAILS PURSUANT TO FED. R. CIV. P. 12(B)(6) BECAUSE THE PLAINTIFF DOES NOT OWN THE SUBJECT DESIGNS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Palakovic v. Wetzel*, 854 F.3d 209, 219–20 (3d Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Iqbal* and *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n. 27 (3d Cir. 2010)).  However, a court is not compelled to accept as true "unsupported

conclusions and unwarranted inferences." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir.2007) (citations omitted). A court may also consider evidence beyond the four corners of the complaint, such as evidence integral or explicitly relied upon in the complaint. *Tanksley v. Daniels*, 902 F.3d, 165, 172 (3d Cir. 2018).[2]

Here, Day to Day's lack of ownership in the '832 and '842 Copyrights as evidenced by the '832 and '842 Copyright registrations subjects this Complaint to dismissal because it eviscerates the first element of a claim of copyright infringement: ownership. "To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005) (citing *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir.2002)); see also *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). Only the owner of a valid copyright is entitled to institute an action for infringement committed while he or she is the owner of the copyright. See *Lichterman v. IODA/The Orchard*, No. 15-7229 (RMB/KMW), 2016 WL 3466073,

---

[2] The Third Circuit also described other categories of extrinsic evidence on a Rule 12(b)(6) Motion to Dismiss in addition to undisputedly authentic documents that a Defendant attaches to a motion to dismiss if the Plaintiff's claims are based upon the documents, such as exhibits attached to the complaint and matters of public record. See *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d. Cir. 1993).

at *1 (D.N.J. June 21, 2016); *BMG Music v. Champagne*, No. CIV. 06-1251 (RBK), 2006 WL 3833473, at *2 (D.N.J. Dec. 29, 2006); and 17 U.S.C. § 501(b).

"Where there is no copyright ownership, then, no copyright infringement may be alleged." *Gateway 2000, Inc. v. Cyrix Corp.*, 942 F. Supp. 985, 994 (D.N.J. 1996). "With regard to the ownership element, proof of ownership is typically established by attaching to a complaint a copy of the Copyright Office registration." *Browne v. Zaslow*, 103 F. Supp. 3d 666, 671 (E.D. Pa. 2015) (citation omitted).

Here, the Plaintiff did not follow the typical way of proving that it has ownership of the Copyrights.  It did not attach the '832 and '842 Copyright registrations to the Complaint because those registrations show that the Plaintiff does not own the '832 and '842 Copyrights.  Instead, they show that the '832 and '842 Copyrights are owned by Akiva Nourollah, who is not the Plaintiff and is not a party to this action. Thus, because the Plaintiff is not the copyright owner, it cannot allege copyright infringement as stated in *Cyrix Corp.*  It cannot satisfy the first element of copyright infringement as set forth in *Kay Berry* and as is required under 17 U.S.C. § 501(b). Thus, this Court should *grant* this Motion.

## C. THE "SUBJECT DESIGN" CLAIMED ON PAGE 7 OF THE COMPLAINT IS NOT SUBJECT TO A COPYRIGHT REGISTRATION AND ANY CLAIMS THEREUPON SHOULD BE DISMISSED

Table 1, *supra*, demonstrates that the alleged "Subject Design" is not the art covered by the Plaintiff's alleged Copyright.  Thus, to the extent that the Plaintiff

11

contends that this is the alleged design infringed, then there is no copyright registration, and the Plaintiff cannot maintain an action for infringement thereupon. "The law is clear that a work must be preregistered with the Copyright Office before suit can be brought for an alleged copyright violation." *Marino v. Usher*, 673 F. App'x 125, 130 (3d Cir. 2016), cert. denied, 138 S. Ct. 80, 199 L. Ed. 2d 25 (2017) (citing *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S. Ct. 1237 (2010) and 17 U.S.C. § 411(a) ("no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title")). Consequently, this Court should *grant* this Motion and *dismiss* any claims against FH Group based upon the alleged "Subject Design" on Page 7 to its Complaint.

### D. IF THE PLAINTIFF WAS THE AUTHOR AND OWNER AT ALL RELEVANT TIMES OF THE '832 AND '842 COPYRIGHTS, THEN THE COPYRIGHT REGISTRATIONS ARE INVALID

If this Court were to accept the Plaintiff's allegations that "Plaintiff created the two original works of two-dimensional visual art * * * [and that t]his artwork was at all relevant times owned exclusively by the Plaintiff[,]" Dkt. 1, ¶ 10, then this Court should dismiss this action because the '842 and '832 Copyrights are invalid. When copyright claimant does not own the copyrighted work at the time of registration, the registration is invalid and a copyright infringement action cannot be maintained. See *Kunkel v. Jasin*, 420 F. App'x 198, 200 (3d Cir. 2011) (affirming summary

judgment based on invalidity of registrations where bankruptcy estate of copyright owner owned the copyrighted designs at the time that the copyright owner registered them).

Here, the '832 and '842 Copyright registrations disclose that Akiva Nourollah is the Author and Copyright Claimant.  Notwithstanding, the Plaintiff states that it, and not Akiva Nourollah, is the author and was "at all relevant times" the exclusive owner of the '832 and '842 Copyrights.  See Dkt. 1, ¶ 10.  If Akiva Nourollah did not author or own the '832 and '842 Copyrights when they were registered, then the '832 and '842 Copyrights are invalid.  Thus, like the Plaintiff in *Kunkel*, if it "exclusively owned" the '832 and '842 Copyrights "at all relevant times" but Akiva Nourollah registered them, then the '832 and '842 Copyright registrations are invalid and Day to Day cannot maintain a copyright infringement action against FH Group.  Consequently, this Court should *grant* this Motion and *dismiss* this Action.

### E. THE PLAINTIFF'S COMPLAINT FAILS BECAUSE THE ALLEGED COPYRIGHTED ARTICLES ARE USEFUL

Under the Copyright Act, see 17 U.S.C. § 101, pictorial or graphic features incorporated into the design of a useful article are eligible for copyright protection *only if* they can be separately identified from and are capable of existing independently of the utilitarian aspects of the article. See 17 U.S.C. § 101; *Star Athletica, L.L.C.*, 137 S. Ct. 1002, 1010, 197 L.Ed.2d 354, 367 (2017) ("[T]he feature cannot itself be a useful article or '[a]n article that is normally part of a useful

article' (which is itself considered a useful article)."). Under this "special rule[,]" 137 S. Ct. at 1012, "a feature of the design of a useful article is eligible for copyright if, when identified and imagined apart from the useful article, it would qualify as a pictorial, graphic, or sculptural work either on its own or when fixed in some other tangible medium."[3]

Here, the Plaintiff does not identify any specific pictorial or graphic features of the '832 and '842 Copyrights, merely placing a drawing or 2-D Artwork next to the alleged infringing design. The deposit copies of the '832 and '842 Copyrights show either a drawing of car seats or pictures of car seats and other sundry covers for the interior components of an automobile. To the extent that the Plaintiff claims that it has a copyright in the car seat cover design itself, FH Group respectfully states that the Plaintiff cannot obtain a copyright in the shape of a car seat cover. Car seat covers are useful articles that cover car seats and are, by necessity, stitched together to match the contours of a typical car seat. Thus, under the authority of *Star Athletica*, the entire car seat design cannot be imagined apart from the car seat, the useful article, and, consequently, is a useful article.

To that end, this Court should treat the alleged car seat design in the same way that other learned courts have found object designs functional, like clothing,

---

[3] *Star Athletica* abandoned the distinction between "physical" and "conceptual" separability, opting for a strictly conceptual approach. *Star Athletica*, 137 S. Ct. at 1014.

automobile wheel covers, or hookah water containers.  In *Jovani Fashion, Ltd. v. Fiesta Fashions*, 500 F. App'x 42, 45 (2d Cir. 2012), the Second Circuit Court of Appeals determined that a prom dress design was utilitarian, noting that the "the artistic judgment exercised in applying sequins and crystals to the dress's bodice and in using ruched satin at the waist and layers of tulle in the skirt does not invoke in the viewer a concept other than that of clothing."

Similarly, as is here, the seat covers mimicking the contours of the car seat do not invoke a concept in the viewer other than that of a seat cover. Just like the prom dress, the seat covers here "are used precisely to enhance the functionality of the [seat cover] as [a cover for a car seat]." See *id.* Therefore, like the sequins, crystals, and ruched satin of the prom dress in *Fiesta Fashions*, the aesthetic quality of the seat covers here merge with their functional capacity to cover the seat.  Thus, the artwork in the '832 and '842 Copyrights are non-protectable, functional, useful articles.

In *Norris Indus. v. Int'l Tel. & Tel. Corp.*, 696 F.2d 918 (11th Cir. 1983), the Plaintiff copyrighted a wire-spoked automobile wheel cover.  In that case, the Court of Appeals for the Eleventh Circuit affirmed the Northern District of Florida's determination that the wire wheel covers were useful articles containing no physically or conceptually separable works of art and were not entitled to copyright protection.

Here, just like *Norris Indus.*, this case also concerns itself with a cover of another component of an automobile – the seats. The seat covers do not contain a "superfluous sculptured design" that "serv[es] no function" and "that can be identified apart from the [objects] themselves." See 696 F.2d at 924 . Instead, the seat covers contain panels stitched together to trace the contours and cover an automobile seat. Every stitched panel appears to relate to the seat cover's functionality, which is to cover the seat. One cannot remove the panels from design without destroying that functionality. Thus, the artwork in the '832 and '842 Copyrights are non-protectable, functional, useful articles.

Lastly, the Ninth Circuit's reasoning in *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 739 F.3d 446 (9th Cir. 2014) can also be applied in this case. In *Starbuzz*, the Court of Appeals for the Ninth Circuit considered whether the shape of a hookah water container was copyrightable subject matter. In that case, the Ninth Circuit concluded that the hookah water container's design features could not be identified separately from and were not capable of existing independently of the utilitarian aspects of the container and affirmed the district court's grant of summary judgment. *Id.* at 447-449.

Here, the '832 and '842 Copyrights are like the water bottle container in *Starbuzz*. Just as the hookah water container contained the water, *id.* at 449, the panels making up the seat cover stretch over and contain the car seat. Thus, the "shape of the alleged

artistic features and of the useful article are one and the same." *Id.* at 449 (punctuation omitted). As can be seen the artwork in the '832 and '842 Copyrights depict car seats or car seat covers that trace the contours of a typical car seat. Consequently, as was the case with the water hookah containers, the shape of the car seat covers are not independent of the car seat cover's utilitarian function – to neatly position the cover over the seat – and the shape helps facilitate this function. See *id.* (stating that the shape of the container held the contents within its shape and that the shape accomplished the function). Thus, the artwork in the '832 and '842 Copyrights are non-protectable, functional, useful articles and this Court should *grant* this Motion.

## F. THERE IS NO COPYRIGHT INFRINGEMENT BECAUSE THE DESIGNS ARE NOT "SUBSTANTIALLY SIMILAR"

"In order to prove copyright infringement, a plaintiff must establish that his copyrighted work and the infringing work are 'substantially similar.'" *Tanksley v. Daniels*, 902 F.3d 165, 171 (3d Cir. 2018) ) (citing *Dam Things from Den. v. Russ Berrie & Co.*, 290 F.3d 548, 561–62 (3d Cir. 2002)).  It is proper for a court to consider substantial similarity as a matter of law pursuant to FED. R. CIV. P. 12(b)(6). *Id.* (citations omitted).  When considering such a motion to dismiss, first, the court is not limited to the four corners of the complaint but can also consider evidence integral to or explicitly relied upon in the Complaint.  *Id.* at 172 (citations omitted). Next, the courts engage in a visual comparison of the works, where no discovery or

factfinding is typically necessary. *Id.* Finally, a court may then dismiss an action if no trier of fact could rationally determine the two works to be substantially similar. *Id.* Substantial similarity asks whether a lay observer would believe that the copying was of protectable aspects of the copyrighted work or whether the ordinary observer, unless he set out to detect the disparities in the two works, would be disposed to overlook them and regard their aesthetic appeal as the same. *Id.* (citations omitted). This analysis is performed in a side-by-side comparison of the works and, excluding any unprotectable elements, assesses whether the two works are substantially similar. *Id.* (citations omitted). However, the Third Circuit has rejected the usefulness of experts in making this determination, *id.*, noting that "justice is best served by putting 'a swift end to meritless litigation.'" *Id.* (citations omitted).

Assuming, however, that there are even any protectable elements left in the '832 and '842 Copyrights above and beyond their utilitarian and functional purposes, the the allegedly infringing products are not substantially similar to the '832 and '842 Copyrights.

### 1. THERE IS NO SUBSTANTIAL SIMILARITY BETWEEN THE ALLEGEDLY INFRINGING PRODUCT AND THE '832 COPYRIGHT

Again, as set forth above, the art that Day to Day ostensibly contends is the '832 Copyright [Dkt. 1, p. 7] is not the '832 Copyright. Again, as set forth above, if the allegedly infringed design is that which appears on Page 7 of the Complaint at ¶ 21,

then there is no copyright to sue upon.  However, to the extent that the Plaintiff contends that the '832 Copyright has been infringed, the Plaintiff respectfully states that there is no substantial similarity between its allegedly infringing product and the '832 Copyright.  Table 2, below, sets forth the comparison between the allegedly infringing product and the '832 Copyright.

As a preliminary matter, and as more fully set forth in Section E, *supra*, the Plaintiff *cannot* obtain a copyright upon a functional or useful article. Plainly, a seat cover and the panels making up the seat cover are functional and useful articles and cannot form the basis of the substantial similarity analysis between the allegedly infringing product and the '832 Copyright.  Notwithstanding, to the extent that there are any protectable and non-functional elements of the '832 Copyright, FH Group respectfully contends that there is no substantial similarity as follows:

**Table 2**
**Comparison between Allegedly Infringing Product and the '832 Copyright**

| Allegedly Infringing Product [Dkt. 1, ¶ 21] | The '832 Copyright |
|---|---|
| | |



First, with respect to color, the allegedly infringing car seat cover is a pink on black color scheme.  By contrast, the '832 Copyright has a blue on black color scheme.

Second, with respect to configuration, the allegedly infringing product presents as a set of four car seat covers, whereas the '832 Copyright appears to be a collection of artwork depicting car seats in various configurations with blue colored paneling containing what appears to be a steering wheel cover and seat belt covers.  Since the allegedly infringing product does not have any steering wheel covers or seatbelt covers, the allegedly infringing product is substantially *dis*similar.

21

Third, the '832 Copyright appears to contain a bench-like back seat presenting in all black with three substantially rectangular black headrests with two horizontal and evenly spaced blue stripes across the backrest portion of the bench-like back seat with a black seat rest and no front seats. By contrast, the allegedly infringing product appears to have two separate back-seats in a non-bench configuration with each seat having a pink and substantially circular headrest. In addition, instead of horizontal blue bars on the backrest portion of the car seat cover, the allegedly infringing design contains thick vertical pink stripes with a thick black center stripe and a pink seat rest.

Fourth, the '832 Copyright appears to contain two front seats with blue rounded vertical stripes, connected by a rounded horizontal line in between the rounded vertical stripes, on the backrest, and two blue rounded vertical stripes on the seat rest of the seat along with a connected headrest and substantially rectangular blue head panel with a flat bottom and sharp bottom corners. By contrast, the allegedly infringing product contains pink rounded vertical stripes on the sides of the back and seat rest of the seat with a disconnected pink and substantially rounded rectangular headrest with rounded corners on the bottom.

Fifth, the '832 Copyright has a configuration containing a bench-like back seat with three rounded rectangular headrests in blue with a blue seat rest and alternating thick black and blue vertical stripes along the backrest of the bench-like back seat.

By contrast, the allegedly infringing design appears to have two separate back-seats in a non-bench configuration with each seat having a pink and substantially circular headrest.  The same configuration of the '832 Copyright has two front seats with blue rounded vertical stripes, connected by a rounded horizontal line in between the rounded vertical stripes, all on the backrest with two blue rounded vertical stripes on the seat rest along with a connected headrest and substantially rectangular blue head panel with a flat bottom and sharp bottom corners.  In addition, the left front seat appears to have the circular and alternating blue black steering wheel cover with two alternating blue and black seat belt covers while the right front seat contains two alternating blue and black seat belt covers.  By contrast, the allegedly infringing product does not have the steering wheel and seat belt covers, and has two front seats with pink rounded vertical stripes with a lower sloped curve at the top portion of the stripe when compared to the higher sloped curve at the top portion of the stripe on the '832 Copyright.

Consequently, in view of the substantial differences between the allegedly infringing product and the '832 Copyright, there is no substantial similarity and this Court should *grant* this Motion and *dismiss* this case.

### 2. THERE IS NO SUBSTANTIAL SIMILARITY BETWEEN THE ALLEGEDLY INFRINGING PRODUCT AND THE '842 COPYRIGHT

Table 3, below, shows the differences between the '842 Copyright and the allegedly infringing product. Again, just as is with the '832 Copyright analysis, and as is more fully set forth in Section E, *supra*, the Plaintiff *cannot* obtain a copyright upon a functional or useful article. Plainly, a seat cover and the panels making up the seat cover are functional and useful articles and cannot form the basis of the substantial similarity analysis. Notwithstanding, to the extent that there are any protectable and non-functional elements of the '842 Copyright, FH Group respectfully contends that there is no substantial similarity as follows:

**Table 3**
**Comparison between Allegedly Infringing Product and the '842 Copyright**

| Allegedly Infringing Product [Dkt. 1, ¶ 21] | The '842 Copyright |
|---|---|
| | |

First, with respect to color, the allegedly infringing car seat cover is a blue on black color scheme.  By contrast, the '842 Copyright has a black on white color scheme.

Second, with respect to configuration, the allegedly infringing product is a single car seat cover, whereas the '842 Copyright protects a pair of car seats side by side.

Third, the '842 Copyright has a substantially trapezoidal head shape pattern with lines extending vertically and downward from the bottom portion of the head shape, whereas the allegedly infringing product has a substantially rectangular head shape pattern with no lines extending vertically and downward from the bottom portion of the head shape.

Fourth, the '842 Copyright has substantially rounded shoulders whereas the allegedly infringing product has substantially squared shoulders.

Fifth, the blue vertical shapes on the backrest of the allegedly infringing design has a straight edge on the top of the outer edge of the vertical shape whereas the '842 Copyright has a curved edge on its black vertical shape.

Sixth, the inner edge of the top portion of the blue vertical shapes on the allegedly infringing product has a rounded and curved edge whereas the '842 Copyright contains a sharp obtuse angle with a jutting point.

Seventh, the allegedly infringing product's blue vertical shape extends from the shoulder of the backrest all the way to the intersection of the backrest and seat rest

25

whereas the '842 Copyright appears to approximately extend three quarters to five sixths of the length of the backrest.

Eighth, the outer edge of the middle portion of the blue vertical shapes in the allegedly infringing product is in a substantially sigmoidal shape whereas the '842 Copyright has a C-shaped curve on the outer edge of the middle portion of the black vertical shapes.

Ninth, the lower portion of the backrest of the allegedly infringing product does not have three vertical black rounded lines whereas the '842 Copyright does.

Tenth, the middle portion of the seat rest on the allegedly infringing prokduct does not have a black horizontal curved line whereas the '842 Copyright does.

Finally, the allegedly infringing product does not contain a black curved line rounding about the left and bottom edge of a black triangle on the seat rest portion of the car seat, whereas the '842 Copyright does.  Consequently, it is easy to see that, in view of these eleven articulated and substantial differences that there is no substantial similarity between the allegedly infringing product and the '842 Copyright.

## III.   CONCLUSION

WHEREFORE, for the reasons more fully set forth above, this Court should *grant* this Motion, dismiss this action in its entirety, and FH Group respectfully

requests that the Court award it its incurred costs, expenses, attorney's fees, and any

other relief that this Court determines fair and equitable under the circumstances.

RESPECTFULLY SUBMITTED this 22nd day of October, 2018.

 s/ Rolando Diaz, Esq.

Rolando Diaz, Esq.
N.J. Bar No. 041742008
DUNLAP, BENNETT & LUDWIG, PLLC
1000 N. West St. #1203
Wilmington, DE 19801
Tel.: (302) 261-8660
Fax: (855) 226-8791
E-mail: rdiaz@dbllawyers.com

David Ludwig, Esq. (*pro hac vice* forthcoming)
DUNLAP, BENNETT & LUDWIG, PLLC
211 Church Street, SE
Leesburg, Virginia 20175
Tel: (703) 777-7319
Fax: (703) 777-3656
E-mail: dludwig@dbllawyers.com

Geoffrey M. Dureska, Esq. (*pro hac vice* forthcoming)
DUNLAP, BENNETT & LUDWIG, PLLC
1870 The Exchange, SE, STE 200
Atlanta, Georgia 30339
Tel: (404) 692-5953
Fax: (404) 596-5283
E-mail: gdureska@dbllawyers.com

*Counsel for Defendant*
