David D. Lin, Esq.
**LEWIS & LIN, LLC**
45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
david@ilawco.com

**DONIGER / BURROUGHS**
Scott Alan Burroughs, Esq. (*pro hac vice*)
231 Norman Avenue, Suite 413
Brooklyn, New York 111222
(310) 590-1820
scott@donigerlawfirm.com

Attorneys for Plaintiff
DAY TO DAY IMPORTS, INC.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAY TO DAY IMPORTS, INC., | Civil Action No.:  2:18-cv-14105-JMV-MF |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |
| *v.* | |
| FH GROUP INTERNATIONAL, INC., *et al.*, | |
| Defendants. | |

## **TABLE OF CONTENTS**

I.    INTRODUCTION……………………………………………………..1

II.   LEGAL ARGUMENT………………………………………………...2

    A. Imports sufficiently pleads its copyright infringement claims………..2

      *1. Legal Standard—12(b)(6)*……………………………………………2

      *2. Imports pleads ownership of a valid copyright*……………………3

        a.  Imports' allegations are facially sufficient…………………….3

        b.  The Court should not
           consider FH Group's hearsay "evidence"……………………..4

        c.  The registrations do not challenge
           Imports' allegations of ownership……………………………..5

        d.  Even assuming an error in the registrations,
           there is no evidence that that Imports (or anyone else)
           sought to perpetrate a fraud on the Copyright office………….7

      *3. Imports pleads copying*……………………………………………8

        a.  Imports' designs are entitled to copyright
           protection separate and apart from the
           utilitarian elements of the car seat covers……………………..8

        b.  The designs are substantially similar…………………………11

        c.  The substantial similarity inquiry is premature………………14

    B.  Subject matter jurisdiction is proper
      under 17 U.S.C., § 101 *et seq*………………………………………..16

    C.  In the alternative, leave to amend should be granted………………..18

III.  CONCLUSION…………………………………………………………20

# TABLE OF AUTHORITIES

Cases:

*Alston v. Parker*,
363 F.3d 229 (3d Cir. 2004)...................................................................... 19

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .............................................................................. 2, 12

*Bell v. Hood*,
327 U.S. 678, (1946) ................................................................................ 16

*Boarhead Corp. v. Erickson*,
923 F.2d 1011 (3d Cir. 1991) .................................................................. 16

*Brody v. Hankin*,
145 Fed. Appx. 768 (3d Cir.2005) ............................................................ 4

*Carter v. Stanton*,
405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972) ............................... 3

*Conley v. Gibson*,
355 U.S. 41 (1957) ................................................................................... 12

*Cottrell v. Alcon Labs.*,
874 F.3d 154 (3d Cir. 2017)................................................................ 18, 19

*Duke Power Co. v. Carolina Environmental Study Group, Inc.*,
438 U.S. 59, (1978) .................................................................................. 16

*Eckes v. Card Prices Update*,
736 F.2d 859 (2d Cir.1984)........................................................................ 7

*Eden Toys, Inc. v. Florelee Undergarment Co.*,

697 F.2d 27 (2d Cir.1982) ........................................................................... 6

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,

    499 U.S. 340 (1991) ............................................................................... 3, 8

*French W., Inc. v. Macy's Inc.*,

    2013 WL 12133844 (C.D. Cal. Jan. 29, 2013) ...................................... 15

*In re Niaspan Antitrust Litig.*,

    42 F. Supp. 3d 735 (E.D. Pa. 2014) ......................................................... 4

*Inhale, Inc. v. Starbuzz Tobacco, Inc.*,

    739 F.3d 446 (9th Cir. 2014) ................................................................... 10

*Jackson v. Booker*,

    465 Fed. Appx. 163 (3d Cir. 2012) ......................................................... 12

*Kay Berry, Inc. v. Taylor Gifts, Inc.*,

    421 F.3d 199 (3d Cir. 2005) .............................................................. 11, 12

*Korvettes, Inc. v. Brous*,

    617 F.2d 1021 (3d Cir. 1980) ................................................................... 19

*Kulick v. Pocono Downs Racing Ass'n, Inc.*,

    816 F.2d 895 (3d Cir. 1987) ..................................................................... 16

*Kulwicki v. Dawson*,

    969 F.2d 1454 (3d Cir. 1992) ..................................................................... 2

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.*,

    676 F.3d 841 (9th Cir. 2012) .............................................................. 13, 15

*Lee v. City of Los Angeles*,

    250 F.3d .................................................................................................... 4

*Magnuson v. Video Yesteryear*,

    85 F.3d 1424 (9th Cir. 1996) ..................................................................... 6

*Magnussen Furniture, Inc. v. Collezione Europa USA, Inc.*,

116 F.3d 472 (4th Cir. 1997)................................................................ 9

*Malibu Textiles, Inc. v. H&M Hennes & Mauritz, L.P.*,

668 F. App'x 800 (9th Cir. 2016) ...................................................... 12

*McGucken v. Chive Media Grp., LLC*,

2018 WL 3410095 (C.D. Cal. July 11, 2018) .................................... 12

*Norris Indus. v. Int'l Tel. & Tel. Corp.*,

696 F.2d 918 (11th Cir. 1983)..................................................... 10, 11

*Oran v. Stafford*,

226 F.3d 275 (3d Cir. 2000)................................................................ 4

*Phillips v. County of Allegheny*,

515 F.3d 224 (3d Cir.2008)............................................................ 2, 18

*Raquel v. Educ. Mgmt. Corp.*,

196 F.3d 171 (3d Cir.1999)................................................................ 7

*Reed Elsevier, Inc. v. Muchnick*,

559 U.S. 154 (2010) ....................................................................... 17

*Sheldon v. Metro–Goldwyn Pictures Corp.*,

81 F.2d 49 (2d Cir.1936)................................................................ 13

*Silvertop Assocs., Inc. v. Kangaroo Mfg., Inc.*,

319 F. Supp. 3d 754 (D.N.J. 2018) .................................................... 8

*Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*,

181 F.3d 410 (3rd Cir.1999) .............................................................. 4

*Star Athletica, L.L.C. v. Varsity Brands, Inc.*,

137 S. Ct. 1002, 197 L. Ed. 2d 354 (2017) .................................. 9, 10

*Steel Co. v. Citizens for a Better Env't*,

523 U.S. 83 (1998) ......................................................................... 17

*Tanksley v. Daniels*,

902 F.3d 165 (3d Cir. 2018)................................................................... 14

*Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*,

338 F.3d 127 (2d Cir. 2003)................................................................... 8

*Twentieth Century–Fox Film Corp. v. MCA, Inc.*,

715 F.2d 1327 (9th Cir. 1983)................................................................ 14

*Universal Athletic Sales Co. v. Salkeld*,

511 F.2d 904 (3d Cir. 1975)................................................................... 14

*Valente–Kritzer Video v. Pinckney*,

881 F.2d 772 (9th Cir.1989).................................................................. 6

*Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*,

797 F.2d 1222 (3d Cir. 1986)................................................................ 15

*Young v. Biggers*,

938 F.2d 565 (5th Cir.1991).................................................................. 3

*Zito v. Steeplechase Films, Inc.*,

267 F.Supp.2d 1022 (N.D. Cal. 2003) ................................................... 3


Statutes:

17 U.S.C. § 102(a)(5) ........................................................................... 8

17 U.S.C. § 410(c)................................................................................ 11

17 U.S.C. § 411(a)................................................................................ 3, 17

17 U.S.C. § 501 .................................................................................... 18

17 U.S.C. § 101 ....................................................................................Passim

17 U.S.C.A. § 204 ................................................................................ 19

28 U.S.C. § 1331 .................................................................................. 18

28 U.S.C. § 1391 .................................................................................. 18

Regulations:

37 C.F.R. § 202.3...................................................................................................... 5

## I.   **Introduction**

This motion for summary judgment, styled a Motion to Dismiss under 12(b)(6) and 12(b)(1), fails because Plaintiff Day to Day Imports, Inc. ("Imports") pleads all required elements for pleading its copyright infringement claim and because Imports has standing to seek redress in this Court. Moreover, Defendant FH Group International, Inc.s ("FH Group") motion relies extensively on evidence outside the pleadings and not properly considered on a motion to dismiss under 12(b)(6). Accordingly, the motion fails.

Imports owns two original works of two-dimensional artwork, which it affixes and incorporates into car seat covers that it sells to the public. (Compl. ¶¶ 10, 12.) Akiva Nourollah assigned all rights in the artwork to Imports in an agreement effective as of 2014, (Opposition, Ex. A), and Imports has been, "at all relevant times," the sole and exclusive owner of its artwork. (Compl. ¶¶ 10-11.) In November 2015, Imports discovered that FH Group was selling car seat covers bearing an identical copy of Imports' design. (¶ 16.)[1] This action for infringement followed.

---

[1] FH Group continues to sell the copies on eBay, Amazon, and via its own website. (¶ 20.)

## II.   Legal Argument

### A.   Imports sufficiently pleads its copyright infringement claims.

#### 1.   *Legal Standard—12(b)(6)*

In deciding a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations as true and view them in the light most favorable to the plaintiff. *Phillips v. County of Allegheny,* 515 F.3d 224, 231 (3d Cir.2008). A plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is appropriate "only if the plaintiff fails to 'provide factual allegations sufficient to raise a right to relief above the speculative level.'" *Twombly*, 550 U.S. at 555.

But, "if matters outside the pleadings are presented to the district court on a motion under Rules 12(b)(6) or 12(c), and the court does not exclude them, the motion must be considered as one under Rule 56 and determined in accordance with summary judgment principles." *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d

Cir. 1992), citing 6 Moore's Federal Practice ¶ 56.02[3], at 56–27 (1991) (footnotes omitted).[2]

### 2.   *Imports pleads ownership of a valid copyright.*

To plead a copyright infringement claim, a plaintiff must plead (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Since Imports pleads all required elements, including ownership of the Subject Designs and FH Group's copying, the Motion fails.

### a.   *Imports' allegations are facially sufficient.*

A copyright plaintiff need only allege ownership of the allegedly infringed material, and that the copyright has been registered or submitted for registration to meet the standard of adequately pleading ownership. *See* 17 U.S.C. § 411(a); see also *Zito v. Steeplechase Films, Inc.*, 267 F.Supp.2d 1022, 1025 (N.D. Cal. 2003) (a plaintiff must merely "allege" registration). Here, Imports alleges that it "created

---

[2] See also, e.g., *Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972) (per curiam) (where matters outside the pleadings are "presented and not excluded by the court," motion to dismiss should be treated as one for summary judgment); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir.1991) (trial court properly converted motion to dismiss to one for summary judgment where matters outside the pleadings were considered and plaintiff was afforded the opportunity to present evidence)

the two original works of two-dimensional visual art," which "artwork was at all relevant times owned exclusively by Plaintiff." (¶ 10.) Imports further alleges it "is the owner of a United States Copyright Registration," and identifies at least two registration numbers. (¶ 11.) These allegations are sufficient to allege ownership; the Motion should be denied.

>    b.    *The Court should not consider FH Group's hearsay "evidence."*

FH Group's unauthenticated evidence is not judicially noticeable because it is irrelevant, given "factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Lee v. City of Los Angeles*, 250 F.3d at 688. So, while a court may take judicial notice of properly authenticated public records, see *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000), it may not take notice of the "truth of the facts recited" in those records," *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.,* 181 F.3d 410, 426–27 (3rd Cir.1999). Since the truth of Imports' factual allegations have no relevance to the 12(b)(6) analysis, FH Group's "ask[ing] the Court to find a fact in dispute based on extraneous evidence" is a "plainly improper" use of the judicial notice procedure. *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 754 (E.D. Pa. 2014). See also *Brody v. Hankin,* 145 Fed. Appx. 768, 772 (3d Cir.2005) ("[A] court that examines a transcript of a prior proceeding to

find facts converts a motion to dismiss into a motion for summary judgment."). Accordingly, the court should not consider any of FH Group's evidence.

> c.   *The registrations do not challenge Imports' allegations of ownership.*

Regardless of admissibility, the copyright registrations do not establish that Imports' is not the owner of the Subject Designs. The Copyright Act defines a "Copyright owner" as the owner of any of the exclusive rights comprised in a copyright. 17 U.S.C. § 101. These rights include, *inter alia,* the right to "reproduce," "distribute," "display," and "produce derivative[s]" of the copyrighted work. See § 106. It follows that one work may have multiple "copyright owners," any of which may obtain registration,[3] see § 408(a), or institute an action for infringement, see § 501. So, that the '832 and '842 registrations list Akiva Nourollah as author and claimant does not establish that Imports' is not also a "copyright owner," within the meaning of § 101.

In fact, Imports is the sole and exclusive owner of its copyrighted designs via assignments of rights. See Nourollah Decl. ¶2, **Exhibit A**. These documents establish that Akiva Nourollah transferred all right, title, and interest in and to the

---

[3] In fact, federal regulation provides that "[a]n application for copyright registration may be submitted by any author or other copyright claimant of a work, or the owner of any exclusive right in a work, or the duly authorized agent of any such author, other claimant, or owner." 37 C.F.R. § 202.3

'832 and '842 registrations to Imports. These assignments are proper per § 101, which provides that a copyright owner may acquire ownership through transfer or assignment. See § 101 (A copyright owner may assume ownership "of a copyright or of any of the exclusive rights comprised in a copyright" via "assignment, mortgage, exclusive license, or any other conveyance, alienation, or hypothecation"); § 201 ("The ownership of a copyright may be transferred in whole or in part by any means of conveyance or by operation of law.").

Crucially, there is no statutory requirement that a transfer of rights subsequent to registration be recorded with the Copyright Office. So, that the registrations do not list Imports as assignee does not undermine Imports' allegation that it owned its artwork "at all relevant times."[4] (¶ 10.) Such transfers of copyright are proper when made at any time, and even when they confirm a prior, oral grant of rights in the artwork. See, e.g., *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1428 (9th Cir. 1996), citing 3 *Nimmer* § 10.03[A] at 10–39; *Valente–Kritzer Video v. Pinckney,* 881 F.2d 772, 775 (9th Cir.1989); *Eden Toys, Inc. v. Florelee*

---

[4] Moreover, Imports identified the '832 and '842 registrations in a non-exhaustive accounting of applicable registrations. (*See* ¶ 11.) So, whatever the contents of those registrations, they do not dispute Imports' allegations that it owns a valid registration in the Subject Designs.

*Undergarment Co.,* 697 F.2d 27, 36 (2d Cir.1982). So owing, the assignment was sufficient to confer ownership.

Since the assignment was proper, and since the information contained in the Registrations does not dispute Imports' allegations that it owns the copyrighted artwork, the Motion should be denied.

> d.   *Even assuming an error in the registrations, there is no evidence that that Imports (or anyone else) sought to perpetrate a fraud on the Copyright office.*

Even assuming that these registrations contained an error, "an otherwise valid registration is not jeopardized by inadvertent, immaterial errors in an application." *See Raquel v. Educ. Mgmt. Corp.,* 196 F.3d 171, 177 (3d Cir.1999). Only the "knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitute[s] reason for holding the registration invalid and thus incapable of supporting an infringement action." *Eckes v. Card Prices Update,* 736 F.2d 859, 861–62 (2d Cir.1984).

FH Group does not—and cannot—point to anything in Imports' allegations or in the registrations to suggest that any alleged error was not merely inadvertent or immaterial. FH Group points only to the fact that the registrations "disclose that Akiva Nourollah is the author and claimant." (*See* Mot. 13.) As explained in section II.B.2.c., *supra*, this point is of no legal significance, and at any rate falls

woefully short of demonstrating that Imports or anyone else acted with the scienter necessary to render Imports' registration inoperative.

***

Plaintiff has adequately alleged ownership; the Motion should be denied.

### 3.   *Imports pleads copying.*

   a.   *Imports' designs are entitled to copyright protection separate and apart from the utilitarian elements of the car seat covers.*

The Copyright Act provides copyright protection for "original works of authorship fixed in any tangible medium of expression," including works of art. 17 U.S.C. § 102(a)(5). To qualify for copyright protection, a work of art need only be "original, in that it "possesses at least some minimal degree of creativity." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 345 (1991). See also *Silvertop Assocs., Inc. v. Kangaroo Mfg., Inc.,* 319 F. Supp. 3d 754, 764 (D.N.J. 2018) quoting *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.,* 338 F.3d 127, 132 (2d Cir. 2003) ("'When an author . . . adds his or her own imaginative spark, creation occurs, and the author is entitled to protection for the result . . . This is true even when the author contributes only a minimal amount of creativity.'") (internal citations omitted).

While "useful articles" are not afforded copyright protection,[5] see § 101, works of art do not lose protection even if they incorporate utilitarian elements, so long as the protectable elements "can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article," *Magnussen Furniture, Inc. v. Collezione Europa USA, Inc.*, 116 F.3d 472 (4th Cir. 1997). See also *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1012, 197 L. Ed. 2d 354 (2017) ("[A] feature of the design of a useful article is eligible for copyright if, when identified and imagined apart from the useful article, it would qualify as a pictorial, graphic, or sculptural work either on its own or when fixed in some other tangible medium.").

First, and contrary to FH Group's contention, Imports' plainly alleges that it sold car seat covers that incorporated its copyrighted artwork. (¶¶ 10, 12.) So owing, Imports' artwork is not a useful article because it is entitled to copyright protection separate and apart from the car seat covers' utilitarian function. As Imports' side-by-side comparison establishes, Imports' design is an original pattern of stylized bars and flares. (¶ 21.) If this pattern were separated from the car seat

---

[5] The Copyright Act defines "useful article" as any article "having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C. § 101.

cover and applied in another medium—e.g., a two-dimensional graphic—it would

qualify as a two-dimensional work of art entitled to protection under 17 U.S.C. §

101. And, applying the extracted pattern in the alternative medium would not

replicate the car seat, since the pattern, standing alone, serves no utilitarian purpose

at all.[6]  Similarly, the car seat cover would cover a car seat just as well absent to

addition of Imports' artwork.[7]

---

[6] It is telling that Exhibit C of FH Group's Motion shows Imports' designs incorporated into different types of car seats, steering wheel covers, and other devices.

[7] The clear separability of Imports' design from the medium in which it depicted distinguishes this case from those cited by FH Group. For example, the design in *Norris Indus. v. Int'l Tel. & Tel. Corp.*, 696 F.2d 918 (11th Cir. 1983) was embedded inextricably in a functional item, namely, a wire-spoked wheel cover. Id. at 922.  Because the wire spokes were functional, the district court considered the "ornamental and utilitarian aspects… inseparable."  Id. at 923.  Here, the ornamental aspects, viz., the design Imports placed on the car seat cover, have nothing to do with the utilitarian aspect of a car seat cover, which is to cover the car seat.  And *Inhale, Inc. v. Starbuzz Tobacco, Inc*., 739 F.3d 446 (9th Cir. 2014) is inapposite for the same reason.  The hookah water container at issue in that case was a functional item.  If the plaintiff in the Inhale case had placed a design on the hookah water container, that design would have been copyrightable (notably, the parties there also agreed that the hookah water container was a "useful article"), and the defendant would not have been able to use that design in its hookah water containers.  Here, Imports incorporated an original and separable two-dimensional design into its car seat covers, one of innumerable designs that a car seat cover could bear, and FH Group copied that design and incorporated it into its own car seat covers in violation of Imports' copyrights.  See *Star Athletica, L.L.C.*,  S. Ct. 1002, 1012, 197 L. Ed. 2d 354 (2017) (a design on "a useful article is eligible for copyright if, when identified and imagined apart from the useful article, it would qualify as a pictorial, graphic, or sculptural work either on its own or when fixed in some other tangible medium.").

Finally, the U.S. Copyright Office reviewed Imports' design when Imports submitted it for registration and approved that registration. This approval "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). FH Group fails to upset that presumption. And the USCO is "the governmental agency that possesses special expertise in determining the bounds of copyright protection." *Garcia v. Google, Inc.*, 786 F.3d 733, 741 n. 7 (9th Cir.2015) (quoting 2 Nimmer on Copyright § 7.16[B][3][b][vi] ). Thus, it is "proper" for the Court here to give "some deference" to the Copyright Office's decision that Imports' design was sufficiently original to warrant protection, as the "Supreme Court has accorded deference to the Register's drawing of the line between ornamental and useful articles." *Norris Indus., Inc.*, 696 F.2d at 922 (noting "the considerable expertise of the Register in defining the boundaries between copyrightable works of art and noncopyrightable industrial designs[.]"). Here, the USCO approved the work for registration. Thus, the design is entitled to copyright protection and the Motion should be denied.

       b.   *The designs are substantially similar.*

Copying may be "demonstrated by showing that the defendant had access to the copyrighted work and that the original and allegedly infringing works share substantial similarities." *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 207–

08 (3d Cir. 2005).[8] To determine whether the works are substantially similar, a court "compares the allegedly infringing work with the original work and considers whether a 'lay-observer' would believe that the copying was of protectable aspects of the copyrighted work." *Jackson v. Booker*, 465 Fed. Appx. 163, 165 (3d Cir. 2012). See also *Kay Berry*, 421 F.3d at 207 (the court should consider "the combination of texture, color, size and shape and the particular details of an item that are relevant.").

Here, Imports' side-by-side comparison shows that FH Group's copied the stylized bars from Import's design. (*See* ¶ 21.) Indeed, the stylized bars on FH Group's car seat covers are identical to Imports' design. Accordingly, Imports' allegations are sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). See also *Malibu Textiles, Inc. v. H&M Hennes & Mauritz, L.P.*, 668 F. App'x 800, 801 (9th Cir. 2016) (noting that plaintiff could plead striking or substantial similarity "with reference to photos showing a side-by-side comparison of the works."); *McGucken v. Chive Media Grp., LLC*, No. CV 18-01612-RSWL-KS, 2018 WL 3410095, at *3 (C.D. Cal. July 11, 2018)

---

[8] FH Group does not argue that Imports' allegations of access are insufficient. Accordingly, this Opposition addresses only the substantial similarity prong of the copying analysis.

(reasoning that plaintiff's allegations were "supported by facts," given "the side-by-side comparison of the works").

So, that FH Group can point to inconsequential differences between the design and their product (such as the color) does not negate similarity, since "a copyright defendant need not copy a plaintiff's work in its entirety to infringe that work. It is enough that the defendant appropriated a substantial portion of the plaintiff's work."  See *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 852 (9th Cir. 2012). *Cf. Sheldon v. Metro–Goldwyn Pictures Corp.,* 81 F.2d 49, 56 (2d Cir.1936) (Hand, J.) ("[I]t is enough that substantial parts were lifted; no plagiarist can excuse the wrong by showing how much of his work he did not pirate."). And, that the hearsay registrations encompass designs other than the particular design which Imports' alleges FH group appropriated is similarly immaterial.[9]

The designs are at least substantially similar; the Motion should be denied.

---

[9] Just as a defendant who infringes one photograph from a copyrighted collection is liable for infringement, so too is FH for its infringement.

         *c.*    *The substantial similarity inquiry is premature.*

Separate and apart from the sufficiency of Imports' pleading, the issue of substantial similarity is inappropriate for resolution on a motion to dismiss, since this case involves a design incorporated into a manufactured good.

"[S]ubstantial similarity 'is usually an extremely close question of fact,' which is why even 'summary judgment has traditionally been disfavored in copyright litigation.'" *Tanksley v. Daniels*, 902 F.3d 165, 171 (3d Cir. 2018), quoting *Twentieth Century–Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1330 n.6 (9th Cir. 1983). As FH Group notes, the Third Circuit has recognized that certain types of copyright cases may be more amenable to resolution as a matter of law. See, e.g.; *Tanksley,* 902 F.3d at 172 (trial court's comparison of multiple hours of television footage was appropriate because "television shows, like novels, plays, and paintings, are precisely the kinds of works for which the ordinary observer test is best suited," since "no additional evidence or expert analysis would be relevant to the question of substantial similarity.") *Universal Athletic Sales Co. v. Salkeld*, 511 F.2d 904, 908, n.3 (3d Cir. 1975) (trial court's comparison stick-figure drawings printed on wall charts was appropriate since any similarities "would appear to a layman viewing [them] side by side")

But, in cases involving designs incorporated into clothing and similar manufactured goods, a degree of factual development is often required to correctly adjudge substantial similarity. See, e.g., *French W., Inc. v. Macy's Inc.*, No. CV 12-7728-GHK (RZX), 2013 WL 12133844, at *2 (C.D. Cal. Jan. 29, 2013) ("cases that analyzed the extrinsic prong of substantial similarity prior to trial (on motions for summary judgment) suggest that facts external to the designs may be relevant to the analysis."); *L.A. Printex*, 676 F.3d 841, 852 (noting that certain design differences may be the result of the "fabric-printing process," and may factor into the substantial similarity analysis, making those differences "inconsequential.").[10] In these cases, resolution even at the summary judgement stage—let alone from the pleadings—is disfavored.

This case, involving designs registered and sold as incorporated into car seat covers, are of the latter category. For instance, it may be necessary to compare the Imports' designs as printed on one of its physical car seat covers directly with FH Group's physical car seat cover. *See L.A. Printex*, 676 F.3d at n.3 (9th Cir. 2012)

---

[10] Similarly, the Third Circuit has recognized that, in certain cases, expert testimony is appropriate at the substantial similarity stage. *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1232 (3d Cir. 1986) (noting that the "ordinary observer test, which was developed in cases involving novels, plays, and paintings," is of "doubtful value" in cases involving unfamiliar or technical subjects.)

(noting that the Copyright Act would permit a comparison of "copies" of the deposited design directly against the accused product). Accordingly, FH Group's improper premature attempt at summary judgment during the pleadings stage should not be granted.

### B. Subject matter jurisdiction is proper under 17 U.S.C., § 101 *et seq.*

FH Group's 12(b)(1) challenge, which overlaps completely with its 12(b)(6) challenge to Import's ownership, and a thinly veiled attempt to achieve a ruling on the merits of Plaintiff's substantive infringement claim by way of unauthenticated, irrelevant, and unchallenged evidence. The Motion is baseless and should be denied.

A federal court "has jurisdiction over the dispute so long as the plaintiff alleges that defendant's actions violate the requisite federal law." *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 897 (3d Cir. 1987). "Once the plaintiff has met this threshold pleading requirement, however, the truth of the facts alleged in the complaint is a question on the merits, as is the legal question whether the facts alleged establish a violation." *Id.,* citing *Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 70–71, (1978); *Bell v. Hood,* 327 U.S. 678, 682, (1946). See also, e.g., *Boarhead Corp. v. Erickson*, 923 F.2d 1011, 1024 (3d Cir. 1991) (A federal court's jurisdiction "is not defeated . . . by the

possibility that the averments might fail to state a cause of action on which petitioners could actually recover."); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("[i]t is firmly established . . . that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional *power* to adjudicate the case.) (emphasis retained).

Here, FH Group's jurisdiction challenge is inseparable from its challenge to Plaintiff's ownership. Specifically, FH Group argues that Imports does not have Article III standing "because it does not own the '832 and '842 Copyrights" and thus suffers no injury (Mot. 7.) But, the evidence is undisputed that Imports does have such standing by virtue of a written transfer of ownership.

And FH Group's argument is untenable, since under binding Supreme Court precedent, the Copyright Act's registration requirement (17 U.S.C. § 411(a)) is a substantive element of a copyright claim, and not a jurisdictional requirement. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010). So owing, the legal sufficiency of Imports' allegations of ownership is an issue appropriate for resolution under 12(b)(6), not 12(b)(1), and one which, however resolved,[11] does

---

[11] Regardless, and has discussed in section II.B.2., *supra*, FH Group does own the copyrights, and Imports' hearsay evidence does not establish otherwise.

not implicate this Court's jurisdiction. Accordingly, and as alleged in the complaint, this Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1391. (¶ 3.)

And, that FH Group cloaks its challenge to Imports' ownership in the form of an Article III standing challenge is inapposite, since "whether a plaintiff has alleged an invasion of a "legally protected interest" does not hinge on whether the conduct alleged to violate a statute does, as a matter of law, violate the statute." *Cottrell v. Alcon Labs*., 874 F.3d 154, 164 (3d Cir. 2017). As discussed in section II.B.2.c., *supra,* and as established by the assignment produced with this Opposition, Imports is the sole and exclusive owner of the artwork. Imports unquestionably has standing to invoke the power of the federal courts to protect its legally protected rights under the Copyright Act. *See* 17 U.S.C. § 501.

The 12(b)(1) motion should be denied.

### C.   In the alternative, leave to amend should be granted.

Notwithstanding the above, should the Court find any defect in in the complaint, Imports is certain that it can be remedied and would request leave to amend. The Third Circuit has counseled that "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008), citing

*Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004). Leave to amend is likewise proper in the case of jurisdictional dismissals. See *Cottrell,* 874 F.3d at 164, citing *Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1024 (3d Cir. 1980) ("Because the absence of standing leaves the court without subject matter jurisdiction to reach a decision on the merits, dismissals 'with prejudice' for lack of standing are generally improper.").

Here, Imports could amend the address the perceived deficiencies if the Court found clarification necessary. While not required, Imports could, for example, plead the existence of the written transfer under 17 U.S.C.A. § 204, as a transfer requires no more than a "writing" that is "signed by the owner of the rights conveyed or such owner's duly authorized agent." Accordingly, and although Imports believes that it has adequately pled its causes of action, Imports should be given the opportunity to remedy any perceived deficiencies.

///

## III.  <u>Conclusion</u>

FH Group's challenge to the sufficiency of Imports' pleading and to this

Court's jurisdiction fail. The Motion should be denied. In the alternative, Imports

should be given the chance to amend its pleading.

Respectfully submitted,

Dated: November 5, 2018

By: */s/ David D. Lin, Esq.*
David D. Lin, Esq.
**LEWIS & LIN, LLC**
45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
david@ilawco.com

**DONIGER / BURROUGHS**
Scott Alan Burroughs, Esq. (*pro hac vice*)
231 Norman Avenue, Suite 413
Brooklyn, New York 111222
(310) 590-1820
scott@donigerlawfirm.com

Attorneys for Plaintiff
DAY TO DAY IMPORTS, INC.