Rolando Diaz, Esq.
N.J. Bar No. 041742008
DUNLAP, BENNETT & LUDWIG, PLLC
1000 N. West St. #1203
Wilmington, DE 19801
Tel.: (302) 261-8660
Fax: (855) 226-8791
E-mail: rdiaz@dbllawyers.com

David Ludwig, Esq. (*pro hac vice*)
DUNLAP, BENNETT & LUDWIG, PLLC
211 Church Street, SE
Leesburg, Virginia 20175
Tel: (703) 777-7319
Fax: (703) 777-3656
E-mail: dludwig@dbllawyers.com

Geoffrey M. Dureska, Esq. (*pro hac vice*)
DUNLAP, BENNETT & LUDWIG, PLLC
1870 The Exchange, SE, STE 200
Atlanta, Georgia 30339
Tel: (404) 692-5953
Fax: (404) 596-5283
E-mail: gdureska@dbllawyers.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DAY TO DAY IMPORTS, INC.**, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>**FH GROUP INTERNATIONAL, INC.,** et. al,<br><br>Defendants. | CIVIL ACTION NO.:<br>2:18-cv-14105-JMV-MF<br><br>**DEFENDANT FH GROUP INTERNATIONAL, INC.'S REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br><u>**JURY TRIAL DEMANDED**</u><br><br><u>**MOTION DAY: NOV 19, 2018**</u> |

# **TABLE OF CONTENTS**

I. THE MOTION TO DISMISS IS NOT A MOTION FOR SUMMARY JUDGMENT AND THIS COURT MAY EVALUATE THE EXTRINSIC EVIDENCE PRESENTED ON A MOTION TO DISMISS ....................................... 1

II. THE CERTIFICATES OF REGISTRATION, RECORDS FROM THE ONLINE COPYRIGHT OFFICE CATALOG, AND PHOTOCOPIES OF THE DEPOSIT RECORDS ARE RELEVANT, UNDISPUTEDLY AUTHENTIC, AND ADMISSIBLE AS NON-HEARSAY OR UNDER A HEARSAY EXCEPTION .... 2

    A.   THE EXTRINSIC EVIDENCE HAS RELEVANCE ................................. 2

    B.   THE EXTRINSIC EVIDENCE IS UNDISPUTEDLY AUTHENTIC ......... 4

    C.   THE EXTRINSIC EVIDENCE IS NOT HEARSAY ................................. 6

III. THE ASSIGNMENTS ARE INSUFFICIENT TO PROVE JURSIDICTION AT THE TIME OF FILING, ARE NUNC PRO TUNC, AND CANNOT RETROACTIVELY MANUFACTURE JURISDICTION ....................................... 7

IV. THE COPYRIGHTS ARE FUNCTIONAL AND ARE NOT SUFFICIENTLY CREATIVE ......................................................................................................... 9

V. THERE IS NO SUBSTANTIAL SIMILARITY AND THE INQUIRY IS NOT PREMATURE ................................................................................................... 11

VI. SUBJECT MATTER JURISDICTION IS NOT PROPER BECAUSE THERE IS NO STANDING ............................................................................................... 13

VII. CONCLUSION ....................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Alps South, LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379 (Fed. Cir. 2015) ............8
*Cottrell v. Alcon Laboratories*, 874 F.3d 154(3d. Cir. 2017)........................... 13, 14
*Davis v. Wells Fargo*, 824 F.3d 333 (3d. Cir. 2016)....................................................1
*Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090 (Fed. Cir. 1998) ...............8, 9
*French West, Inc. v. Macy's, Inc.*, 2013 WL 12133844 (C.D. Cal. 2013)................12
*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) .................4
*Intellectual Ventures I LLC v. AT&T Mobility, LLC*, 203 F.Supp.3d 436 (D. Del. 2016)................................................................................................................8
*Island Software & Comp. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257 (2d Cir.2005) ...................................................................................................................5
*Kulwicki v. Dawson*, 969 F.2d 1454 (3d. Cir. 1992) ....................................................1
*L.A. Printex Industries, Inc. v. Aeropostale, Inc.*, 676 F.3d 841 (9th Cir. 2012) .....12
*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ..........................................2
*Liberty Media Holdings, LLC v. Tabora*, No. 12 CIV. 2234 LAK, 2012 WL 2711381 (S.D.N.Y. July 9, 2012)..............................................................................5
*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)...................................................8
*Princeton Payment Solutions, LLC v. ACI Worldwide, Inc.*, 2014 WL 4104170 (E.D. Va. 2014) ..................................................................................................8
*Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)...............................................13
*Satava v. Lowry*, 323 F.3d 805 (9th Cir. 2003) ........................................................10
*Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410 (3d. Cir. 1999)...................................................................................3
*Speedfit LLC v. Woodway USA, Inc.*, 226 F. Supp. 3d 149 (E.D.N.Y. 2016) ............8
*Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739 (2d Cir. 1998) ......................11
*Tanksley v. Daniels*, 902 F.3d 165  (3d. Cir. 2018) ..................................................12
*White v. Alcon Film Fund, LLC*, 52 F.Supp.3d 1308 (N.D. Ga. 2014).......................5

**Rules**

FED. R. CIV. P. 12(b)(1) ................................................................................ 13, 14
FED. R. CIV. P. 801(d)(2) .......................................................................................6
FED. R. CIV. P. 803(8)(A) .....................................................................................6
FED. R. CIV. P. 803(8)(B).....................................................................................6
FED. R. CIV. P. 902(1) ..........................................................................................5
FED. R. EVID. 803(15) ..........................................................................................6

**Treatises**

Compendium of U.S. Copyright Office Practices § 313.4(J) .................................10
Compendium of U.S. Copyright Office Practices § 906.1 ......................................10

Compendium of U.S. Copyright Office Practices § 906.4 ......................................10

**Regulations**

37 C.F.R. § 202.1(a) ..........................................................................................10

## **REPLY TO OPPOSITION TO MOTION TO DISMISS**

Defendant, FH GROUP INTERNATIONAL, INC. ("FH Group"), by counsel, DUNLAP, BENNETT & LUDWIG, PLLC, hereby files its Reply to the Opposition to the Motion to Dismiss and respectfully states as follows:

**I. THE MOTION TO DISMISS IS NOT A MOTION FOR SUMMARY JUDGMENT AND THIS COURT MAY EVALUATE THE EXTRINSIC EVIDENCE PRESENTED ON A MOTION TO DISMISS**

FH Group filed a motion to dismiss. Not a motion for summary judgment, as wrongly contended [Dkt. 17, p. 1] by the Plaintiff, Day to Day Imports, Inc. ("Day to Day" or "Plaintiff").[1] Relying on the "general" and not focusing on the specific facts before this case, Day to Day attempts to conflate the Rule 12(b)(6) and Rule 12(b)(1) grounds into a single Rule 12(b)(6) Motion in order to exclude the evidence demonstrating that this Court does not have jurisdiction. FH Group already addressed the four corners of the Complaint argument [Dkt. 9-1, p. 7 (citing *Davis v. Wells Fargo*, 824 F.3d 333 (3d. Cir. 2016)] and specifically noted that it does not apply for factual challenges to the Court's jurisdiction, as is the case here.

Consequently, Day to Day's reliance on *Kulwicki v. Dawson*, 969 F.2d 1454 (3d. Cir. 1992), a case decided twenty-four (24) years before *Davis*, is misplaced because the Third Circuit decided *Davis* in view of *Dawson* and, nonetheless, sanctioned the

---

[1] Curiously, although Day to Day calls the Motion to Dismiss a Motion for Summary Judgment, Day to Day recites the standard for a Motion to Dismiss in its own Opposition Brief. Dkt. 17, p. 2.

1

use of extrinsic evidence for factual challenges to jurisdiction. Even if, contrary to law, that FH Group could only move on the discrete issues giving rise to a 12(b)(6) Motion, FH Group can still attach extrinsic evidence to a motion to dismiss, as described by FH Group in its Brief in Support [Dkt. 9-1, p. 2, n. 2], particularly where the documents are undisputedly authentic and the claims made by the Plaintiff are based upon those documents. Consequently, this Motion is one to dismiss, not for summary judgment, and this Court should evaluate this Motion on the motion to dismiss standards argued by *both* of the Parties.

II. **THE CERTIFICATES OF REGISTRATION, RECORDS FROM THE ONLINE COPYRIGHT OFFICE CATALOG, AND PHOTOCOPIES OF THE DEPOSIT RECORDS ARE RELEVANT, UNDISPUTEDLY AUTHENTIC, AND ADMISSIBLE AS NON-HEARSAY OR UNDER A HEARSAY EXCEPTION**

Day to Day *does not want* this Court to look at the underlying documentation supporting a claim to jurisdiction. Consequently, and in its attempt to save its, among other things, jurisdictionally defective complaint, Day to Day attempts to *exclude* jurisdictional evidence. This Court should evaluate the extrinsic evidence as it is proper here.

A. **THE EXTRINSIC EVIDENCE HAS RELEVANCE**

Day to Day first attempts to exclude the jurisdictional evidence by claiming [Dkt. 17, p. 4] that it is "irrelevant." In support of its proposition, it quotes procedural authority from the United States Court of Appeals for the Ninth Circuit, *Lee v. City*

2

*of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (citations omitted), yet, in the paragraphs that follow Day to Day's quoted portion of the opinion, the Ninth Circuit explains that it is proper to evaluate the extrinsic evidence in a situation as is the case here:

> There are, however, two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion. First, a court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment. If the documents are not physically attached to the complaint, they may be considered if the documents' "authenticity ... is not contested" and "the plaintiff's complaint necessarily relies" on them. Second, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record."

Consequently, Day to Day's reliance upon *Lee* is misplaced. So too is its reliance on *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426-427 (3d. Cir. 1999). This is so because that opinion specifically stated, that "[t]o resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint." *Id.* at 426. And, in fact, in that case, the Court specifically considered extrinsic evidence for the express purpose of "see[ing] if [the opinion] contradicts the complaint's legal conclusions or factual claims." *Id.* at 427. Here, this Court should also consider the extrinsic evidence for purposes of contradicting the complaint's factual claims, namely, that the Plaintiff "created" and "owned" the '832 and '842 Copyrights "at all relevant times."

It is in this regard that FH Group merely asks the Court to evaluate the documentation attached to the Motion to Dismiss consistent with the established Third Circuit motion to dismiss "exception to the general rule [] that a "document *integral to or explicitly relied* upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The documents supplied by FH Group are integral to Day to Day's complaint or are otherwise explicitly relied upon because they demonstrate the contours of the '832 and '842 Copyrights that Day to Day sued upon. Those records, again, indisputably show that Akiva Nourollah, and not Day to Day, owned the '832 and '842 Copyrights at the time that this suit was filed. These are facts of consequence. These facts directly contradict the Plaintiff's allegations, thereby subjecting this case to dismissal. These documents are relevant.

### B. THE EXTRINSIC EVIDENCE IS UNDISPUTEDLY AUTHENTIC

The '832 and '842 Copyright certificates of registration are undisputedly authentic because the Plaintiff previously filed them in *Day to Day I*, in an amended complaint in which it represented to the United State District Court for the Central District of California that those certificates of registration were "[t]rue and correct[.]" See *Day to Day I*, Dkt. 14, ¶ 12. Moreover, the certificates of registration are authentic because they bear a seal purporting to be that of the United States

Copyright Office and have a signature purporting to be an execution or attestation by the Register of Copyrights. The same can be said for the certified copies of the deposits of record [Dkt. 9-4], which also contain a seal purporting to be that of the United States in gold, with an execution or attestation by Veronica Patten of the Record Research and Certification Section of the Copyright Office. These documents are self-authenticating. FED. R. CIV. P. 902(1).

In addition, the printouts from the Public Catalog Copyright Office records [Dkt. 9-3] are properly considered on a motion to dismiss, as has been done by a plurality of other learned Courts. See *Liberty Media Holdings, LLC v. Tabora*, No. 12 CIV. 2234 LAK, 2012 WL 2711381, at n.11 (S.D.N.Y. July 9, 2012) ("The printout of the portion of the public catalog of the Copyright Office is appropriately considered on a motion to dismiss because [the plaintiff] effectively incorporated the certificate of registration in its complaint and the public catalog entry with respect to that certificate is a proper subject of judicial notice in the absence of any dispute or reason to dispute its accuracy."); *Island Software & Comp. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir.2005) ("The district court was entitled to take judicial notice of Microsoft's federal copyright registrations, as published in the Copyright Office's registry."); *White v. Alcon Film Fund, LLC*, 52 F.Supp.3d 1308, 1316 n. 9 (N.D. Ga. 2014) ("While a copy of the original registration would be preferable, courts have taken judicial notice of true and correct copies of the Copyright Office's

online record of registration, available at http://cocatalog.loc.gov"). Consequently, the extrinsic evidence attached to the Motion to Dismiss are sufficiently authentic.

### C. THE EXTRINSIC EVIDENCE IS NOT HEARSAY

The certificates of registration [Dkt. 9-2] are not hearsay because they are statements of a party opponent (Day to Day and its previous lawyer in *Day to Day I*) that are being offered against Day to Day in this proceeding and in which Day to Day manifested or otherwise adopted or believed that the contents of those certificates of registration were true and correct. See FED. R. CIV. P. 801(d)(2)(B), (C), and (D).

Additionally, the certificates of registration, deposit records [Dkt. 9-4], and even the printouts from the Public Catalog of the Copyright Office [Dkt. 9-3] are admissible under the public records exception to the hearsay rule, FED. R. CIV. P. 803(8)(A), because they are statements of the Copyright Office, which concern matters that the Copyright Office is under a legal duty to report and also constitute factual findings from the Copyright Office. They additionally could be considered statements in documents affecting an interest in property. See FED. R. EVID. 803(15). Moreover, Day to Day does not point to any lack of trustworthiness in the certificates of registration, the deposit copies, or even the printouts from the Public Catalog of the Copyright Office. See FED. R. CIV. P. 803(8)(B). Therefore, none of the

documents attached to the Motion to Dismiss are hearsay and may be properly considered on the Motion to Dismiss.

### III. THE ASSIGNMENTS ARE INSUFFICIENT TO PROVE JURSIDICTION AT THE TIME OF FILING, ARE NUNC PRO TUNC, AND CANNOT RETROACTIVELY MANUFACTURE JURISDICTION

Forgetting that it plead [Dkt. 1 ¶ 10] that *it* and not Akiva Nourollah "created the two original works of two-dimensional visual art", and, in the face of FH Group's Motion to Dismiss, Day to Day, now, provides the carefully written Declaration of Akiva Nourollah [Dkt. 18] containing what appear to be *nunc pro tunc* Copyright Assignments for the '832 and '842 Copyrights [Dkt. 18-1].[2]  The Declarations omit the critical fact of *when* the Assignments were made, are undated, and only recite an effective date. See Dkt. 18.  Nor does the Plaintiff, in its Opposition, address the critical issue of *when* the Assignments were executed.  See Dkt. 17 (noting only that an assignment was made, not when the assignment was executed).  No, the Plaintiff merely argues that since the "registrations do not list [Day to Day] as assignee" that its allegation that "it owned its artwork 'at all relevant times'" is not undermined. Dkt. 17, p. 6.  When is "all relevant times"?  We are left to guess.

---

[2] Said Assignments are also directly contradictory to the Complaint [see Dkt. 1 at ¶ 10] insomuch as they purport to list Akiva Nourollah as the "Author" of the '832 and '842 Copyrights.

7

Suffice to say, if one needs to guess, it means that the Plaintiff failed to satisfy its burden to establish jurisdiction. The Plaintiff has the burden to establish jurisdiction. See *Davis*, 824 F.3d at 347. It must prove that jurisdiction "based on facts that exist at the time of filing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n.4 (1992). It has not done so, only providing undated Assignments (and apparently *nunc pro tunc* assignments), a Declaration silent as to the date of execution, and relying upon vague "all relevant times" language set forth in its Complaint in which it also plead [Dkt. 1 ¶ 10] that it created the Copyrights even though it did not do so [see Dkt. 18]. Thus, while the Plaintiff attempts to argue the validity of these apparently *nunc pro tunc* Assignments [Dkt. 17 pp. 5-7], the Plaintiff misses the point.

*Nunc pro tunc* assignments executed after the filing of a suit are not sufficient to confer retroactive standing. See *Intellectual Ventures I LLC v. AT&T Mobility, LLC*, 203 F.Supp.3d 436, 445 (D. Del. 2016); *Princeton Payment Solutions, LLC v. ACI Worldwide, Inc.*, 2014 WL 4104170 (E.D. Va. 2014); *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998); *Alps South, LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1384-1385 (Fed. Cir. 2015); *Speedfit LLC v. Woodway USA, Inc.*, 226 F. Supp. 3d 149, 155 (E.D.N.Y. 2016).

The policy for not permitting retroactive standing for *nunc pro tunc* assignments was succinctly stated by the United States Court of Appeals for the Federal Circuit:

> As a general matter, parties should possess rights before seeking to have them vindicated in court. Allowing a subsequent assignment to

8

> automatically cure a standing defect would unjustifiably expand the number of people who are statutorily authorized to sue. Parties could justify the premature initiation of an action by averring to the court that their standing through assignment is imminent. Permitting non-owners and licensees the right to sue, so long as they eventually obtain the rights they seek to have redressed, would enmesh the judiciary in abstract disputes, risk multiple litigation, and provide incentives for parties to obtain assignment in order to expand their arsenal and the scope of litigation. Inevitably, delay and expense would be the order of the day.

See *Enzo*, at 1093-1094. Consequently, the Plaintiff cannot rewrite history with its *nunc pro tunc* assignment, this case should be dismissed, and because retroactive standing is impermissible, leave to amend should *not* be granted.

## IV. THE COPYRIGHTS ARE FUNCTIONAL AND ARE NOT SUFFICIENTLY CREATIVE

While the Plaintiff did not specify any particular protectable elements of its alleged designs in the '832 and '842 Copyrights in its Complaint [Dkt. 1, ¶¶ 10-12], FH Group respectfully submits that the "stylized bars and flares" [Dkt. 17, p. 9] appear to be component panels of a car seat that trace the contours of the seat and when sewn together formly fit over the car seat. Therefore, the panels are useful and functional and cannot be copyrighted.

Even if the panels could be conceptually severed into a non-functional design, the '832 and '842 Copyrights lack sufficient creativity for copyright protection. The "stylized bars and flares" on the '842 Copyright are little more than the letter "H" on the back portion of the seat with two triangles on the seat portion of the seat.

9

Familiar symbols, such as the letter "H" and the two triangles are not copyrightable and cannot be registered. See Compendium of U.S. Copyright Office Practices § 313.4(J) (familiar symbols cannot be registered); Compendium § 906.4 (Typeface and typographic ornamentation not registrable); Compendium § 906.1 ("The Copyright Act does not protect common geometric shapes * * * including, without limitation, triangles"); and see also 37 C.F.R. § 202.1(a) (familiar symbols and designs not subject to copyright). Similarly, the "stylized bars and flares" on the '832 Copyright also purports to be the familiar letter H on the back portion of the seat with the common geometric shapes of a rectangle for the headrest and rounded rectangles on the seat rest. These elements are unprotectable.

That being said, "a combination of unprotectable elements is eligible for copyright protection [but] *only if* those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003) (citation omitted and emphasis added). The combination of the letter "H" with a couple of triangles, or, the combination of the letter "H" with a rectangle and a couple of rounded rectangles fail to have enough combined elements to constitute an original design. Moreover, the outer bounds of the shapes and/or letters (the "flares") placed upon the car seats appear to be defined by the physical contours of the car seat, rather than any stylistic choice.

10

Plaintiff's argument that the "flares" should be extended any protection would be like a cartographer requesting copyright protection on the contours of a body of water on a map and is, if not functional or utilitarian, tantamount to copyrighting the "physical facts" of the car seat.  See *Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739, 747 (2d Cir. 1998)("Because the street locations, landmass, bodies of water and landmarks depicted in a map are physical facts, the only material in a map capable of copyright protection—and thus demanding comparison—is original material.")(citing *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 350–51, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)).  Thus, the "stylized bars and flares" of the '832 and '842 Copyrights claimed by the Plaintiff are useful, functional, and lack sufficient originality to be copyrightable, and, consequently, this Court should *grant* this Motion.

## V.  THERE IS NO SUBSTANTIAL SIMILIARITY AND THE INQUIRY IS NOT PREMATURE

FH Group has already described in great detail the many and numerous differences between the '832 and '842 Copyrights and the allegedly infringing products.  Dkt. 9-1 at pp. 18-26.  The inquiry of substantial similarity, however, is not premature, as wrongly contended [Dkt. 17 at pp. 14-16] by the Plaintiff.  Even assuming that there *are* any protectable trademark elements left, after removing the functional, utilitarian, or "physical facts" from the '832 and '842 Copyrights, further factual development, in the way described by the Plaintiff [Dkt. 17 at pp. 15-16] is

11

unnecessary, because the Court may simply engage in the visual comparison of the works. See *Tanksley v. Daniels*, 902 F.3d 165, 171 (3d. Cir. 2018). To be sure, this case does not concern the scope of what makes up a "nautical chain design" or another undefined pattern as was the case in *French West, Inc. v. Macy's, Inc.*, 2013 WL 12133844 at *2 (C.D. Cal. 2013). It involves rectangles, triangles, and the letter "H" with "flares" that amount to little more than the outer bounds of the paneling designed to conform to the car seat.

Moreover, it is hard to see how any imperfections in a printing process are applicable here where there is no fine printed design, see *L.A. Printex Industries, Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 851-852 (9th Cir. 2012)(evaluating the detail of the print on a shirt), or how expert testimony would be helpful in guiding this Court in making a comparison between the '832 and '842 Copyrights and the allegedly infringing products on a motion to dismiss. See *Tanksley*, 902 F.3d at 171 (rejecting experts in making side by side comparisons and noting that "justice is best served by putting 'a swift end to meritless litigation'"). Consequently, the substantial similarity inquiry is not premature because this Court may properly engage in the side-by-side comparison of the '832 and '842 Copyrights and the allegedly infringing product under *Tanksley*.

unnecessary, because the Court may simply engage in the visual comparison of the works. See *Tanksley v. Daniels*, 902 F.3d 165, 171 (3d. Cir. 2018). To be sure, this case does not concern the scope of what makes up a "nautical chain design" or another undefined pattern as was the case in *French West, Inc. v. Macy's, Inc.*, 2013 WL 12133844 at *2 (C.D. Cal. 2013). It involves rectangles, triangles, and the letter "H" with "flares" that amount to little more than the outer bounds of the paneling designed to conform to the car seat.

Moreover, it is hard to see how any imperfections in a printing process are applicable here where there is no fine printed design, see *L.A. Printex Industries, Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 851-852 (9th Cir. 2012)(evaluating the detail of the print on a shirt), or how expert testimony would be helpful in guiding this Court in making a comparison between the '832 and '842 Copyrights and the allegedly infringing products on a motion to dismiss. See *Tanksley*, 902 F.3d at 171 (rejecting experts in making side by side comparisons and noting that "justice is best served by putting 'a swift end to meritless litigation'"). Consequently, the substantial similarity inquiry is not premature because this Court may properly engage in the side-by-side comparison of the '832 and '842 Copyrights and the allegedly infringing product under *Tanksley*.

## VI. SUBJECT MATTER JURISDICTION IS NOT PROPER BECAUSE THERE IS NO STANDING

Subject matter jurisdiction is not present because the Plaintiff does not have standing and Plaintiff's reliance on *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010) as defeating jurisdiction on standing grounds is misplaced. This is so because FH Group, unlike in *Muchnick*, did not allege that subject matter jurisdiction is lacking under FED. R. CIV. P. 12(b)(1) because of a failure to register the '832 and '842 Copyrights, but rather that Day to Day does not have any injury-in-fact because, at the time that this suit was filed, it did not own the '832 and '842 Copyrights.

Also, Plaintiff's erroneous conclusion [Dkt. 17, p. 18] that the Article III standing challenge to jurisdiction is misplaced lacks merit. FH Group argued [Dkt. 9-1 pp. 6-9] under FED. R. CIV. P. 12(b)(1) that because the Plaintiff did not author or own the '832 and '842 Copyrights *at the time of filing the suit*, that it could not have suffered any injury in fact for any alleged infringement of those copyrights such that the Plaintiff would have standing and that this Court would have jurisdiction. Simply put, even before getting to the substantive elements of a claim[3] of copyright infringement that the Plaintiff had no injury in fact because it was essentially a stranger to the '832 and '842 Copyrights. It is in this regard that FH Group's argument is consistent with *Cottrell v. Alcon Laboratories*, 874 F.3d 154, 163-166

---

[3] To be sure, there is no discussion of the elements of a copyright infringement claim in the Rule 12(b)(1) Motion section of the Brief in Support. See Dkt. 9-1 at pp. 6-9.

13

(3d. Cir. 2017), and it is only the Plaintiff who is arguing what *Alcon* teaches against [Dkt. 17 p. 16 ("FH Group's 12(b)(1) challenge [] overlaps completely with its 12(b)(6) challenge to Import's ownership * * *."). Consequently, the Plaintiff does not have standing, there is no subject matter jurisdiction, and this Court should *grant* this Motion.

## VII.   CONCLUSION

WHEREFORE, for the reasons set forth in this Reply and in the Brief in Support of the Motion to Dismiss, this Court should *grant* this Motion, dismiss this action in its entirety, and FH Group respectfully requests that the Court award it its incurred costs, expenses, attorney's fees, and any other relief that this Court determines fair and equitable under the circumstances.

RESPECTFULLY SUBMITTED this 13th day of November, 2018.

        Respectfully Submitted,

        s/ Rolando Diaz, Esq.
        Rolando Diaz, Esq.
        N.J. Bar No. 041742008
        DUNLAP, BENNETT & LUDWIG, PLLC
        1000 N. West St. #1203
        Wilmington, DE 19801
        Tel.: (302) 261-8660
        Fax: (855) 226-8791
        E-mail: rdiaz@dbllawyers.com

        David Ludwig, Esq. (*pro hac vice*)
        DUNLAP, BENNETT & LUDWIG, PLLC
        211 Church Street, SE
        Leesburg, Virginia 20175
        Tel: (703) 777-7319
        Fax: (703) 777-3656
        E-mail: dludwig@dbllawyers.com

        Geoffrey M. Dureska, Esq. (*pro hac vice*)
        DUNLAP, BENNETT & LUDWIG, PLLC
        1870 The Exchange, SE, STE 200
        Atlanta, Georgia 30339
        Tel: (404) 692-5953
        Fax: (404) 596-5283
        E-mail: gdureska@dbllawyers.com

        *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of November, 2018, a true and correct copy of the foregoing REPLY TO OPPOSITION TO MOTION TO DISMISS was transmitted to the following parties via CM/ECF:

| | |
|---|---|
| David D. Lin, Esq.<br>LEWIS & LIN, LLC<br>45 Main Street, Suite 608<br>Brooklyn, NY 11201<br>Tel: (718) 243-9323<br>Fax: (718) 243-9326<br>david@ilawco.com | Scot Alan Burroughs, Esq.<br>(*pro hac vice*)<br>DONIGER / BURROUGHS<br>231 Norman Avenue, Suite 413<br>Brooklyn, New York 11222<br>(310) 590-1820<br>scott@donigerlawfirm.com |

                                        s/ Rolando Diaz, Esq.
                                        Attorney